25 CV 06605

JUDGE BRODERICK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DENISE PETRETTI,

Plaintiff,

v.

JAN JERICHO, SYLVIA P. TSAI, AMELIA AHNE-BLUME, MARCELA BAUM, PAUL MAZZACANO, DIANA ERBSEN, MICHAEL MANZI, SOLOMON E. JASKIEL, JOHN DOE 1, and JOHN DOE 2,

Defendants.

U.S. DISTRICT COURT
FILED
AUG 11 2025
SOUTHERN DISTRICT OF NEW YORK

VERIFIED COMPLAINT

**PRELIMINARY STATEMENT**

This case arises from the coordinated deprivation of Plaintiff's home and personal property through reliance on a **Surrogate's Court Citation that was never issued by the court**. The document at the center of Defendants' actions:

- Bore **no judicial signature** and **no court seal**;
- Was **never filed or attested by the clerk** as required by SCPA § 306; and
- Was **never served in compliance with SCPA § 307**.

Because no court ever issued the citation, the Surrogate's Court never acquired jurisdiction over Plaintiff or her property. Every action Defendants took in reliance on that void paper — from purported ownership proceedings to the August 5, 2025 lockout — was undertaken **without lawful authority**.

New York law is clear: **jurisdiction cannot be created by consent, stipulation, or assumption**. *Lacks v. Lacks*, 41 N.Y.2d 71 (1976). A void citation is not a procedural irregularity; it is a jurisdictional defect that renders all subsequent orders and acts **void ab initio**.

This action seeks to restore Plaintiff to possession of her home, secure the return of her property, and obtain damages for the constitutional violations committed under color of law.

Plaintiff Denise Petretti ("Plaintiff"), proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution to address the unlawful deprivation of her property and denial of due process. Plaintiff seeks injunctive relief, declaratory relief, and damages against Defendants for actions taken under color of state law which have resulted in irreparable harm.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within the Southern District of New York and all Defendants reside or are found in this District.

3. Defendants acted under color of state law by exercising powers conferred by New York law in concert with a Surrogate's Court proceeding, thereby jointly participating with state processes to effectuate a deprivation of Plaintiff's property without due process. Such conduct constitutes state action within the meaning of § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

PARTIES

4. Plaintiff Denise Petretti is an individual residing at 255 West 108 Street, Unit 2B, New York, NY 10025.

5. Defendant Jan Jericho is an individual whose actions contributed to the deprivation of Plaintiff's rights.

6. Defendant Sylvia P. Tsai is an individual whose actions contributed to the deprivation of Plaintiff's rights.

7. Defendant Amelia Ahne-Blume is an individual whose actions contributed to the deprivation of Plaintiff's rights.

8. Defendant Marcela Baum is an individual whose actions contributed to the deprivation of Plaintiff's rights.

9. Defendant Paul Mazzacano is an individual whose actions contributed to the deprivation of Plaintiff's rights.

10. Defendant Diana Erbsen is an individual whose actions contributed to the deprivation of Plaintiff's rights.

11. Defendant Michael Manzi is an attorney whose conduct contributed to the deprivation of Plaintiff's rights.

12. Defendant Solomon E. Jaskiel is an individual whose actions contributed to the deprivation of Plaintiff's rights.

13. Defendants John Doe 1 and John Doe 2 are individuals whose identities are currently unknown but whose actions contributed to the deprivation of Plaintiff's rights.

FACTUAL BACKGROUND

1. 2020–2021 — Inheritance and Pandemic Barriers
   a. In 2020, Plaintiff received a certified letter confirming her inheritance from her late husband's estate, more than sufficient to satisfy any legitimate charges.
   b. At the time, Plaintiff was recovering from PTSD following multiple personal losses.
   c. COVID-19 pandemic restrictions on courts and agencies made it impossible for her to take timely action on the inheritance.

2. Early 2022 — Improper Demands and Misrepresentation
   a. Attorney Michael confronted Plaintiff, demanded payment of alleged maintenance fees, and stated she must pay $45,000 "to be a probate," a term she did not understand and which has no lawful application to her circumstances.
   b. This statement was intended to intimidate and mislead Plaintiff as to her legal rights and obligations.

3. 2023 — Unauthorized Ownership Proceedings
   a. Defendants initiated actions to remove Plaintiff as owner of her residence.
   b. These actions appear tied to an unauthorized Petition for Letters of Administration filed by Defendant Amelia Ahne-Blume, who lacked standing under the Surrogate's Court Procedure Act.

4. June 7, 2025 — Surrogate's Court Visit
   a. Plaintiff and her counsel-in-fact, Jorge Pagan, appeared at Surrogate's Court to examine a purported Citation.
   b. Mr. Pagan advised the clerk that the document was invalid under SCPA §§ 306 and 307, noting it was not issued by the Court, bore no judicial attestation or seal, and lacked proper proof of service.
   c. The clerk did not respond to these defects but printed Affidavits of Service stating that service was made via Plaintiff's doorman/front desk, with a physical description that

did not match Plaintiff.

   d. By the next day, all related case files were removed from the public docket.

5. August 5, 2025 — Unlawful Lockout

   a. A City Marshal, acting without lawful process, valid court order, eviction judgment, or hearing, changed the locks on Plaintiff's residence.

   b. Plaintiff was allowed only thirty minutes to remove limited belongings; the majority of her property remained inside, and no complete inventory was provided.

6. Proof of Inheritance and Financial Capacity

   a. The 2020 inheritance letter confirms Plaintiff possessed substantial assets sufficient to satisfy any legitimate charges.

   b. This evidence directly contradicts Defendants' claim that their actions were about unpaid amounts and supports the conclusion that the true motive was wrongful dispossession.

RECENT EVENTS

On August 7, 2025, in open Housing Court, Defendant Sylvia P. Tsai handed Plaintiff an 'Affirmation in Opposition' dated August 6, 2025, together with a copy of the purported April 21, 2023 Decree Appointing the Public Administrator. This affirmation attempts to portray the Surrogate's Court decree as conclusively valid despite its lack of jurisdiction ab initio, dismisses the invalid Citation as 'irrelevant,' and asserts that restoration of possession would be 'futile.' These assertions continue the Defendants' pattern of acting under color of void orders to justify the deprivation of Plaintiff's property and liberty interests without due process of law.

CAUSES OF ACTION

Count I – Violation of Due Process (Fourteenth Amendment; 42 U.S.C. § 1983)

14. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

15. Defendants, acting under color of state law, deprived Plaintiff of property without notice and an opportunity to be heard, in violation of the Due Process Clause of the Fourteenth Amendment.

Count II – Unlawful Seizure and Deprivation of Property

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

17. Defendants unlawfully seized and disposed of Plaintiff's personal property without lawful authority or process.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

a. Issue a Temporary Restraining Order and Preliminary Injunction preventing disposal or transfer of Plaintiff's property;

b. Order the return of Plaintiff's property and restoration of possession;

c. Award damages in an amount to be determined at trial;

d. Grant such other relief as the Court deems just and proper.

VERIFICATION

I, Denise Petretti, am the Plaintiff in the foregoing Verified Complaint. I have read the foregoing and know the contents thereof. The same is true to my own knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 11, 2025

New York, New York

*Denise Petretti*

Denise Petretti

Pro Se Plaintiff

255 West 108 Street, Unit 2B

New York, NY 10025

Tel: (917) 628-6097

Email: pet800@yahoo.com