UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    :
DENISE PETRETTI,    :
    :
    Plaintiff,    :
    :    25-CV-6605 (VSB)
  - against -    :
    :    **ORDER**
    :
JAN JERICHO, *et al.*,    :
    :
    Defendants.    :
    :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

    On August 11, 2025, pro se Plaintiff filed a Complaint alleging a violation of due process under the Fourteenth Amendment and unlawful seizure and deprivation of property. (Doc. 1 ("Compl.").) Plaintiff's claims seek to challenge eviction proceedings against her arising out of the administration of her late husband's estate in New York State Surrogate's Court. (*Id.*) Also on August 11, 2025, Plaintiff moved for an emergency ex parte temporary restraining order ("TRO"), seeking to restore Plaintiff to her former residence or stay enforcement of the eviction and removal of property. (Doc. 3 ("TRO Mot.").) This case was assigned to me on August 13, 2025.

    Under Rule 65, a court may issue an ex parte TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even taking into consideration the "special solicitude" afforded to pro se plaintiffs, *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), Plaintiff cannot meet this standard here. Plaintiff's submissions make it clear that Plaintiff has already been evicted, although whether that occurred

on August 5, 2025 or August 12, 2025 is unclear.  (*Compare* Compl. at 4 (noting that on August 5, 2025, a City Marshal changed the locks on Plaintiff's residence and gave her thirty minutes to remove limited belongings), *with* TRO Mot. at 1 (seeking to "halt enforcement of an eviction and removal of property scheduled for August 12, 2025")).)  Plaintiff alleges that she stands to suffer irreparable harm in the form of "permanent loss of residence [and] personal property," (TRO Mot. at 1), but Plaintiff's allegations indicate that this harm has already occurred.  Plaintiff does not allege "specific facts" demonstrating that, absent a TRO, she stands to suffer irreparable harm in the immediate future.  As "[a] finding of irreparable harm cannot be based solely on past conduct," *Bradshaw v. Phillip*, No. 9-21-CV-776, 2022 WL 504976, at *4 (N.D.N.Y. Feb. 18, 2022), Plaintiff cannot meet the standard for irreparable harm set out in Rule 65, which is necessary to award the "extraordinary remedy" of an ex parte TRO, *see Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (discussing preliminary injunctions).

Even if Plaintiff could meet the standard of Rule 65, Plaintiff's TRO motion would fail because Plaintiff cannot establish a likelihood of success on the merits or sufficiently serious questions going to the merits of her underlying claims.  *See Bragg v. Jordan*, 669 F. Supp. 3d 257, 267, 267 n.5 (S.D.N.Y. 2023) ("Where a party seeking a temporary restraining order fails to establish a likelihood of success on the merits, 'there is no need to address the other prongs of the analysis.'" (quoting *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011))).  Plaintiff's Complaint attacks the procedural and substantive validity of a judgment issued by New York Surrogate's Court, part of the New York State court system.  Congress has vested appellate jurisdiction over state-court judgments raising issues of federal law with the United States Supreme Court.  *See* 28 U.S.C. § 1257.  The Supreme Court has held that federal courts at the district and circuit level are barred from reviewing final judgments of state courts, under the

2

*Rooker-Feldman* doctrine, named after two seminal cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine applies where the federal-court plaintiff:  (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered.  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (cleaned up).  Although Plaintiff does not provide documentation of the Surrogate's Court proceedings, her allegations suggest that:  (1) she lost in Surrogate's Court, (*see* Compl. at 3); (2) she was injured by the decision issued in Surrogate's Court, (*id.* at 4); (3) she seeks review of the Surrogate's Court decision, (*id.* at 4–5); and (4) a judgment was entered against her before she commenced the instant lawsuit, (*id.*).  Therefore, I likely lack jurisdiction under the *Rooker-Feldman* doctrine, and Plaintiff is unlikely to succeed on the merits of her underlying claims.

Plaintiff's motion for a TRO is hereby DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 3.

As pro se Plaintiff paid the filing fees to commence this action, the Clerk of Court is respectfully directed to issue summonses as to Jan Jericho, Sylvia P. Tsai, Amelia Ahne-Blume, Marcela Baum, Paul Mazzacano, Diana Erbsen, Michael Manzi, and Solomon E. Jaskiel.  Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses[1].  If Plaintiff does not either serve Defendants or request an extension of time to do so within ninety days of the issuance of the summonses, the Court may

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, I am sua sponte extending the time to serve until 90 days after the date the summonses are issued.

dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

SO ORDERED.

Dated: August 14, 2025
      New York, New York

_____
Vernon S. Broderick
United States District Judge