UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE PETRETTI,

Plaintiff,

v.

Jericho, et al.,

Defendants.

Case No. 25-CV-06605

## SUPPLEMENTAL DECLARATION OF DENISE PETRETTI

I, Denise Petretti, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. Case Background

This Declaration supplements my prior filings in the matter Petretti v. Jericho, et al., Case No. 25-CV-06605 (SDNY). The purpose is to place on record facts regarding the Surrogate's Court matter under Index No. 2022-4059 and the individuals who influenced and directed the proceedings.

2. Invalid Filings in Surrogate's Court

In Surrogate's Court case 2022-4059, the key filings—including the Petition for Letters of Administration, the purported Citation, and the Decree—were fatally defective. The Citation lacked the required seal, waivers and consents were never obtained or signed by me, the lawful heir, and the Decree was unsigned, incomplete, and failed to identify any appointed administrator.

Further, a death certificate was repeatedly presented as the sole document supporting jurisdiction. A death certificate alone does not confer Standing or Authority to act upon estate property.

3. Influence of Attorney Michael Giusto

It is evident that attorney Michael Giusto directed and influenced these defective filings. Amelia Ahne-Baum, who filed the Petition, lacked standing or authority on her own to initiate the proceeding. The Public Administrator, Staci A. Graber, has so far failed to produce the required documents that would lawfully establish her authority. These actors could not have proceeded without the behind-the-scenes guidance and influence of Mr. Giusto.

Without his orchestration, the filings in Index No. 2022-4059 would not have advanced. Thus, his actions converted otherwise invalid papers into color-of-law instruments.

4. Federal Implications

Because the Petition, Citation, and Decree in 2022-4059 were invalid, all subsequent actions—including the lockout from my home—are void ab initio. The record shows that neither the Board of Directors, the management company, nor the Public Administrator has produced valid evidence of standing or authority.

These facts are now submitted into the federal record as proof that defendants and their counsel acted without lawful basis.

Additionally, it must be stated that every defective document filed under Index No. 2022-4059 — including the Citation, Petition for Letters of Administration, and Decree — could not have advanced without the influence and direction of attorney Michael Giusto. His behind-the-scenes actions supplied the appearance of legitimacy to filings that were otherwise void. Without his interference, the Surrogate's Court would have had no basis to proceed. This influence underscores the systemic failure of standing and authority that is now before this Court.

Under New York law, cooperative board members owe shareholders strict fiduciary duties of loyalty and care. These duties require directors to act solely in the best interests of the shareholders, exercise independent judgment, and avoid deference to outside parties who lack standing or authority.

In this case, the Board of Directors of the Manchester Cooperative has breached these duties by deferring to the unlawful direction of attorney Michael Giusto, a third party with no standing or authority over my property. Rather than acting to protect shareholder interests, the Board has permitted Mr. Giusto to dictate actions that resulted in my unlawful lockout and continued interference with my rights.

By yielding to a third party, the Board has failed to exercise its own independent judgment, in direct violation of its fiduciary obligations. Such conduct is not protected by

the business judgment rule, because decisions made in bad faith or under the influence of an unauthorized outsider are outside the scope of lawful discretion.

Accordingly, the Board has acted contrary to its fiduciary obligations and is directly complicit in the unlawful deprivation of my property rights.

### Grounds for Voiding Proceedings Under Index No. 2022-4059

1. The Surrogate's Court has never produced a valid Citation bearing the Court's seal, nor any waivers, consents, or affidavits of service addressed to me as the lawful heir. These are essential statutory elements for jurisdiction under New York Surrogate's Court Procedure Act.

2. On August 22, 2025, both the third and fourth floors of the Surrogate's Court confirmed that the only record they could produce was a copy of my late mother's death certificate. A death certificate alone does not establish standing or confer authority to initiate or sustain an administration proceeding.

3. The Decree entered under Index No. 2022-4059 was unsigned, incomplete, and failed to identify any appointed administrator. It cannot legally confer authority.

4. Because the Petition, Citation, and Decree are fatally defective, the Surrogate's Court never acquired jurisdiction over my property. All actions taken by the Public Administrator, the Board, or their counsel under color of that proceeding are void ab initio.

5. Federal courts have consistently held that proceedings commenced without jurisdiction cannot be cured by later actions. See, e.g., United States v. United Mine Workers, 330 U.S. 258 (1947) ("A court without jurisdiction cannot render a judgment that binds.").

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 28th, 2025

*Denise Petretti*

Denise Petretti, Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025

Email: pet800@yahoo.com

Phone: 917-628-6097