## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DECLARATION

Index No. 2022-4059

Denise Petretti, Plaintiff

### Introduction

This memorandum is submitted in support of Plaintiff's Declaration concerning the deprivation of due process in the administration of the Estate of Marie Petretti (Index No. 2022-4059). The record demonstrates that no valid Citation or supporting documents were ever issued or served upon Plaintiff, rendering all subsequent actions void.

### Law

1. Due Process Requires Notice and Opportunity to Be Heard
   - Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) holds that due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties" of proceedings affecting their rights.
   - The Surrogate's Court Procedure Act ("SCPA") § 306 requires that all necessary parties be served with a Citation before jurisdiction can be obtained.

2. Failure to Issue or Serve a Citation Voids Jurisdiction
   - New York courts have repeatedly held that the issuance and proper service of a Citation is a jurisdictional prerequisite in Surrogate's Court. Without it, the court lacks authority over the person or property.
   - See Matter of Stein, 131 A.D.2d 68 (2d Dep't 1987) (jurisdiction in Surrogate's Court "is dependent upon issuance and service of a citation"); Matter of Arias, 201 A.D.2d 451 (2d Dep't 1994) (failure to properly serve citation deprived court of jurisdiction).

3. Death Certificate Alone Does Not Confer Authority
   - A death certificate merely establishes death. It does not substitute for a petition, waivers, consents, or the decree appointing an administrator. The statutory process requires these documents as conditions precedent to jurisdiction.

## Application

Here, Plaintiff was never served with a valid Citation. The Surrogate's Court produced only a death certificate and an unsigned decree that fails to identify an administrator. Without a valid Citation bearing the court's seal, the Surrogate's Court had no jurisdiction over Plaintiff's property rights. Accordingly, all actions taken under Index No. 2022-4059 are void ab initio.

## Conclusion

Because the Surrogate's Court lacked jurisdiction from the outset, Plaintiff's due process rights under the U.S. Constitution and New York law were violated. This supports Plaintiff's federal claim and compels judicial relief.

*[Signature]*