UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Denise Petretti,**
Plaintiff,

v.

**Jericho, et al.,**
Defendants.

Case No. 25-CV-06605

# PLAINTIFF'S SUPPORTING MEMORANDUM OF LAW

IN FURTHER SUPPORT OF SUPPLEMENTAL DECLARATION

## I. INTRODUCTION

This memorandum of law is submitted in support of Plaintiff Denise Petretti's Supplemental Declaration, filed in the above-captioned matter. The Declaration establishes that the proceedings in Surrogate's Court under Index No. 2022-4059 were jurisdictionally defective from inception, and that subsequent actions taken against Plaintiff's property lack lawful standing or authority.

## II. LEGAL STANDARD

A fundamental prerequisite to the exercise of judicial authority is jurisdiction. Jurisdiction cannot be presumed or waived; it must affirmatively appear on the face of the record. See *United States v. United Mine Workers*, 330 U.S. 258, 291 (1947) ("A judgment rendered by a court lacking

jurisdiction is void."). Any order or decree entered without jurisdiction is void ab initio and confers no rights.

## III. APPLICATION TO THE PRESENT CASE

1. **Absence of Valid Citation and Notice.**

Under New York Surrogate's Court Procedure Act (SCPA) §§ 401–403, the issuance of a Citation with seal and proper service upon heirs-at-law is a mandatory jurisdictional step. No such Citation was ever produced or served upon Plaintiff, the sole lawful heir. A death certificate alone does not confer standing or authority to commence administration proceedings.

2. **Invalid Petition and Decree.**

The Petition filed by Amelia Ahne-Baum failed to identify and notify Plaintiff as heir, and no waivers or consents were obtained as required under SCPA §§ 1001–1003. The Decree issued was unsigned, incomplete, and failed to identify an administrator. An unsigned decree is a nullity.

3. **Lack of Standing and Authority.**

Neither Amelia Ahne-Baum nor Staci Graber, as Public Administrator, has produced the essential elements to establish lawful standing or authority. Actions undertaken without standing are ultra vires and void.

4. **Board's Fiduciary Duties.**

The Manchester Cooperative Board of Directors owed fiduciary duties of loyalty and care to Plaintiff as a shareholder. By admitting they had no authority, yet permitting third parties without standing (including outside counsel) to interfere with Plaintiff's property, the

Board breached its duties and exposed itself to direct liability. See *Levandusky v. One Fifth Ave. Apartment Corp.*, 75 N.Y.2d 530 (1990) (directors must act in good faith, within the scope of authority, and in the interests of shareholders).

## IV. CONCLUSION

For the reasons set forth in the Supplemental Declaration and this Memorandum of Law, Plaintiff respectfully submits that the Surrogate's Court proceedings under Index No. 2022-4059 were void ab initio, and that all actions taken against her property under color of such proceedings are unlawful. Plaintiff reserves all rights to seek injunctive and compensatory relief in this Court.

Respectfully submitted,

August 28th, 2025

*[signature]*

Denise Petretti

Pro Se