UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DENISE PETRETTI

    Plaintiff,


      v.


JERICHO, et al.,

    Defendants.

2025 SEP 19 AM 10: 52
RECEIVED
SDNY PRO SE OFFICE

### PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS AND PRESERVATION OF PROPERTY

Plaintiff, Denise Petretti, appearing pro se, respectfully moves this Court for an immediate stay of all eviction-related proceedings and an order preserving Plaintiff's personal property, pursuant to the Court's inherent equitable powers and Rule 65 of the Federal Rules of Civil Procedure. In support of this motion, Plaintiff states as follows:


### INTRODUCTION


1.    This action arises from Defendants' unlawful attempts to dispossess Plaintiff of her home and property without lawful Standing or Authority. The record demonstrates repeated misconduct, including the use of a void Citation, fabricated Letters of Administration, and unlawful reliance upon clerks and paralegals in place of judicial authority.


2.    Defendants have been repeatedly called upon to produce proof of Standing or

Authority, including through Plaintiff's August 26, 2025 Notice of Invalid Petition to Amelia
Ahne-Baum. No such proof has ever been produced.

3.     Defendants have failed to file any appearance, motion, or opposition in this case,
despite nearly thirty (30) days passing since the filing of Plaintiff's verified pleadings and
subsequent submissions. Their silence constitutes default and an admission that they lack the
authority they have falsely claimed.

4.     Defendants have further failed to act upon their supposed authority by removing
Plaintiff's remaining personal property, which remains untouched. This confirms that they do not
dare exercise powers they cannot lawfully justify.

LEGAL STANDARD

5.     Federal Rule of Civil Procedure 65 authorizes this Court to grant temporary
restraining orders and preliminary injunctions to preserve the status quo and prevent irreparable
harm.

6.     Courts in this District routinely grant such relief where, as here, Defendants have
failed to rebut Plaintiff's claims, and where property rights and due process protections are at
stake. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 (1950); Lacks v. Lacks, 41
N.Y.2d 71 (1976).

ARGUMENT

7.     Furthermore, both the Co-op Board and its managing agent, Douglas Elliman, have
expressly disclaimed having any authority over Plaintiff's rights or property. The Public

Administrator, for her part, has failed to establish lawful authority despite repeated demands and a court-imposed deadline. The only document produced—a set of purported "Letters of Administration" signed solely by a clerk and lacking judicial signature or docket authentication—does not confer jurisdiction. Accordingly, no party before this Court has demonstrated valid standing or authority, and Defendants' continued possession of Plaintiff's home and belongings rests on a foundation of admitted or unproven authority.

8. Plaintiff will suffer irreparable harm absent Court intervention, as she has been unlawfully dispossessed of her home and remains at risk of further deprivation of her property.

9. The balance of equities weighs heavily in Plaintiff's favor. Defendants cannot show prejudice from maintaining the status quo, while Plaintiff faces continued daily damages and hardship.

10. The public interest favors transparency and adherence to constitutional due process, particularly where, as here, state court procedures have been manipulated to conceal misconduct.

11. Defendants' silence and defaults demonstrate that they cannot credibly oppose this motion. Any opposition now would necessarily require them to produce proof of Standing or Authority that they do not possess. Their failure to act for nearly three years confirms the lack of lawful basis for their conduct.

12. Defendants deliberately relied on a paralegal and a court clerk to issue communications and papers concerning estate administration. These individuals are not parties to

this action, yet were used as cover to avoid implicating the actual agents. This confirms that

Defendants themselves lacked Standing or Authority, further underscoring the jurisdictional

defects and the need for immediate relief.

Plaintiff has preserved supporting exhibits, including the purported "Letters of Administration,"

the August 26, 2025 Notice to Amelia Ahne-Baum, and the September 12, 2025 correspondence

with paralegal Jennifer Medina. These materials are available for submission at the Court's

request, but are not attached here in the interest of streamlined emergency presentation.

Any party seeking to oppose this Motion must first demonstrate lawful Standing and Authority to
do so, as required by law. Absent such proof, no valid opposition can be entertained.

Demand for Lawful Authority (Quo Warranto Principle)

Plaintiff further invokes the principle of quo warranto — "by what authority" — and demands

that Defendants demonstrate the lawful authority by which they acted to dispossess Plaintiff and

interfere with her property rights. No valid Citation, decree, or court order has ever been

produced. Defendants' reliance on unsworn emails, paralegals, or unsigned papers is no

substitute for lawful authority. Their continued failure to establish Standing or Authority

confirms that all actions taken were void ab initio. Accordingly, if any Defendant wishes to rebut

Plaintiff's request for a Temporary Restraining Order, such party must first establish their lawful

Standing and Authority to oppose this motion.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

(1) Issue an immediate stay of all eviction or property-removal proceedings;

(2) Order the preservation of Plaintiff's personal property pending resolution of this case; and

(3) Grant such other relief as this Court deems just and proper.

Dated: September 19th, 2025

New York, New York

Respectfully submitted,

Denise Petretti

Denise Petretti

Plaintiff, Pro Se

255 W. 108 Street Apt.2B

New York NY 10025

pet800@yahoo.com

917 628-6097