UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------)
DENISE PETRETTI,                                  )
      Plaintiff,                                  )     **Case No. 25-cv-06605-VSB-VF**
                      )
      v.                                          )     **Motion to Dismiss**
                      )
JAN JERICHO, SYLVIA P. TSAI, et al.,    )
      Defendants.                              )
-------------------------------------------------------)

## Memorandum Of Law In Support Of Defendant Sylvia P. Tsai's Motion To Dismiss Plaintiff's Complaint

### TABLE OF CONTENTS

Table Of Contents. **(Page 1)**
Table Of Authorities. **(Page 1)**
Section I: Introduction. **(Page 3)**
Section II: Background. **(Page 3)**
    Part A: The Co-op. **(Page 3)**
    Part B: Estate Administration. **(Page 4)**
    Part C: The Holdover Proceeding. **(Page 6)**
    Part D: Mr. Pagan's Federal Action. **(Page 7)**
Section III: Argument. **(Page 8)**
    Part A: Ms. Petretti failed to state a claim under Section 1983. **(Page 8)**
        Subpart 1: Ms. Petretti was not deprived of her property. **(Page 9)**
        Subpart 2: Ms. Petretti was given due process. **(Page 10)**
        Subpart 3: Defendant Tsai was not a state actor. **(Page 14)**
    Part B: This Court lacks diversity jurisdiction. **(Page 14)**
Section IV: Conclusion. **(Page 15)**

### TABLE OF AUTHORITIES

**CASES**

Altagracia Santana v. Peter Gravagna, No. 21-CV-8724 (PGG)(SN), 2022 U.S. Dist. LEXIS 102816, (S.D.N.Y. June 7, 2022). **(Page 13)**

Bruckner by the Bridge, LLC v. Gonzales, 2015 NY Slip Op 51039(U), ¶ 4, 48 Misc. 3d 1211(A), 18 N.Y.S.3d 577 (Civ. Ct., Bronx Cnty.). **(Pages 10, 13)**

Brusco v. Braun, 84 N.Y.2d 674, 682, 621 N.Y.S.2d 291, 294, 645 N.E.2d 724 (Ct. of App., 1994). **(Page 14)**

Delarosa v. Serita, No. 14-CV-737 (MKB), 2014 U.S. Dist. LEXIS 58733 (E.D.N.Y. Apr. 28, 2014). **(Page 14)**

Greenidge v. Baya Moving & Storage, No. 15 CV 5944 (SLT), 2015 U.S. Dist. LEXIS 149868, (E.D.N.Y. Nov. 3, 2015). **(Page 8)**

Harte v. City of New Rochelle, No. 24-CV-4994 (LTS), 2024 U.S. Dist. LEXIS 195726, (S.D.N.Y. Oct. 18, 2024). **(Pages 8, 14)**

Jean v. HRA, No. 24-CV-5401 (LTS), 2024 U.S. Dist. LEXIS 224996 (S.D.N.Y. Dec. 10, 2024). **(Page 14)**

Matter of Krolick, 2005 NY Slip Op 51564(U), ¶ 3, 9 Misc. 3d 1115(A), 808 N.Y.S.2d 918 (Sur. Ct., Nassau Cnty.). **(Page 9)**

Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613 (2d Cir. 2019). **(Page 15)**

Pownall v. S. Realty, No. 24-CV-6450 (LTS), 2024 U.S. Dist. LEXIS 197622 (S.D.N.Y. Oct. 28, 2024). **(Page 14)**

Ray v. N.Y.C. Office of the Sheriff, No. 17-CV-1586(AJN), 2018 U.S. Dist. LEXIS 50764 (S.D.N.Y. Mar. 27, 2018). **(Page 12)**

U.S. Bank Nat'l Ass'n v. Hawthorne, 2022 NY Slip Op 04575, ¶ 1, 207 A.D.3d 590, 169 N.Y.S.3d 844 (App. Div. 2nd Dept.). **(Page 11)**

## STATUTES AND RULES

28 U.S.C. § 1332. **(Page)**
42 U.S.C.S. § 1983. **(Pages)**
Fourteenth Amendment: U.S. Const. amend. XIV. **(Pages**
Rule 12(b)(1): Fed. R. Civ. P. 12. **(Page 2**
Rule 12(b)(6): Fed. R. Civ. P. 12. **(Page 2**
N.Y. Real Prop. Acts. Law § 735(1). **(Page )**
N.Y. Real Prop. Acts. Law § 749(3). **(Page )**
N.Y. Surr. Ct. Proc. Act Law § 203. **(Page)**
N.Y. Surr. Ct. Proc. Act Law § 306. **(Pages)**
N.Y. Surr. Ct. Proc. Act Law § 307(1). **(Page)**
N.Y. Surr. Ct. Proc. Act Law § 711. **(Page)**
N.Y. Surr. Ct. Proc. Act Law § 1001. **(Page)**
N.Y. Surr. Ct. Proc. Act Law § 1121. **(Page)**

## I.  INTRODUCTION

Defendant Sylvia P. Tsai ("Defendant Tsai") respectfully submits this memorandum of law in support of her motion to dismiss the complaint (the "Complaint") (ECF No. 1) pursuant to Rule 12(b)(1) (lack of subject-matter jurisdiction) and Rule 12(b)(6) (failure to state a claim upon which relief can be granted) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12.

Plaintiff Denise Petretti ("Ms. Petretti"), acting pro se, brought this action on August 11, 2025, for (1) violation of 42 U.S.C.S. § 1983 ("Section 1983"), (2) violation of the Fourteenth Amendment of the U.S. Constitution (the "14ᵗʰ Amendment"), and (3) the unlawful seizure and deprivation of property.  See Complaint, ECF No. 1.  Ms. Petretti claims that the Defendants are depriving her of possession of her late mother's cooperative apartment and her personal property inside the apartment.

The Court should dismiss the complaint against Defendant Tsai for two reasons.  First, Ms. Petretti fails to state a claim under Section 1983.  Defendant Tsai was not a state actor when she represented the Co-op (as defined below) in an eviction proceeding against Jorge Pagan ("Mr. Pagan").  And, Ms. Petretti was not deprived of her property or of due process in Surrogate's Court or Housing Court.  Second, this Court lacks subject matter and diversity jurisdiction over this matter.

## II.  BACKGROUND

### A.  The Co-op

Ms. Petretti is the daughter of the late Marie Petretti (her "Mother").  See Reservation of Rights, ECF No. 39, at 1.  Her Mother died intestate on March 14, 2018, a resident of New York County.  I do not have a copy of her Mother's death certificate.  Exhibit A: Petition for Letters of

Administration (the "Administration Petition"), New York County Surrogate's Court File No. 2022-4059, at p. 1.

At the time of her death, her Mother owned 38 shares of stock (the "Shares") in a cooperative corporation, called 255 West 108th Street Corp. (the "Co-op"). The Co-op owns a residential building located at 255 West 108th Street, New York, New York 10025 (Block 1880, Lot 1) (the "Building"). The Building is known as The Manchester. Her Mother held the proprietary lease (the "Lease") to Unit 2B (the "Unit") in the Building. Exhibit A: Affirmation of attorney Michael J. Giusto ("Giusto's Affirmation"), the Co-op's counsel, ¶ 3, at p. 8.

Upon information and belief, Ameilia Ahne-Blume is an employee of Douglas Elliman Property Management, which is the property manager of the Building. Upon information and belief, the following defendants are members of the Co-op's board of directors (collectively, the "Board Defendants"): Marcela Baum, Diana Erbsen, Jan Jericho, Michael Manzi, and Paul Mazzacano. My client, Defendant Tsai, represented the Board Defendants in an eviction proceeding against the occupants of the Unit. I do not know defendant Solomon E. Jaskiel's involvement in this matter. I will refer to all of the defendants, collectively, as the "Defendants."

As of September 1, 2021, her Mother's estate (the "Estate") owed the Co-op about $16,000 in unpaid maintenance charges, assessments, late fees, interest charges, and counsel fees (collectively, the "Common Charges"). No one had paid the Common Charges since November 2020. Exhibit A: Co-op Ledger, at p. 13. The Co-op found that an unapproved subtenant, later identified as Mr. Pagan, was occupying the Unit. Exhibit A: Giusto's Affirmation, ¶ 3, at 8.

## B. Estate Administration

The Co-op wanted a representative of the Estate to address the unpaid Common Charges and Mr. Pagan's unapproved occupancy. On September 7, 2021, Ms. Petretti told Attorney

Giusto that she would handle the Estate.  However, Ms. Petretti never filed the paperwork with the Surrogate's Court.  Exhibit A: Giusto's Affirmation, ¶¶ 4-6, and 13, at pp. 8-10.  On July 28, 2022, the Co-op filed a petition for letters of administration with the New York County Surrogate's Court.  Exhibit A: Administration Petition, at p. 1.  The Administration Petition named two distributees: (1) Ms. Petretti (a/k/a Denise Grabarnick) and (2) her brother, Ernest Petretti, Jr.  The Administration Petition also named one necessary party: the Public Administrator of New York County (the "P.A.").  As of the date of the Petition, the Estate owed the Co-op over $46,000.  Exhibit A: Co-op Ledger, at p. 14.

On January 4, 2023, Ms. Petretti was personally served with an administration citation (the "Citation").  The Citation stated that Ms. Petretti must show cause before the Surrogate's Court on January 24, 2023, why the court should not appoint the P.A. as administrator of her Mother's estate.  Exhibit A: Citation (p. 15) and Affidavit of Service (p. 16).  On April 21, 2023, the Surrogate's Court appointed the P.A. as administrator of the Estate.  Exhibit A: Decree Appointing Administrator (the "Decree").  The Decree states (1) that "all persons named in such petition, required to be cited, having been duly cited to show cause why such relief should not be granted and (2) "after due deliberation, with no one appearing in opposition thereto," it is ordered and decreed that Letters of Administration issue to the P.A.  Apparently, no one, including Ms. Petretti, objected to the P.A.'s appointment.

In May 2024, the P.A. and the Co-op signed a Settlement Agreement (the "Settlement") and an Agreement for the Assignment of Causes of Action (the "Assignment").  Exhibit B: Settlement (p. 8) and Assignment (p. 11).  As of the date of the Settlement, the Estate owed the Co-op almost $125,000 in Common Charges.  The Settlement states that: (1) the P.A. is holding the Co-op Shares and Lease, (2) the P.A. did not grant occupancy or leasehold rights to Mr.

Pagan or to any other current occupant of the Unit, (3) the P.A. authorizes the Co-op to recover possession of the Unit from the current occupants, (4) upon the Co-op's recovery of possession, the P.A. shall be permitted to sell the Shares, and (5) the P.A. shall first use the proceeds to pay the Co-op for any unpaid Common Charges. In the Assignment, the P.A. assigned its eviction and collection rights to the Co-op. Now, the Co-op had the right to evict the Unit occupants and to collect rent from them.

### C. The Holdover Proceeding

The Co-op hired Defendant Tsai of The Law Offices of Fuqiang Zhang, P.C. (the "Zhang Firm"), to bring a holdover proceeding against Mr. Pagan. On October 24, 2024, the Zhang Firm filed a holdover petition against Mr. Pagan, as the subtenant, and Ms. Petretti and Ernest Petretti, as the nominal respondents, in the Civil Court, New York County (the "Housing Court"). Exhibit B: Holdover Petition, Housing Court Index No. LT-318738-24/NY, at p. 1. On November 5, 2024, Ms. Petretti was served with the holdover petition by substituted service. Exhibit B: Affidavit of Service of Petition, at p. 7.

On February 13, 2025, the Co-op and Mr. Pagan entered into a Stipulation of Settlement (the "Housing Stipulation"). Exhibit B: Housing Stipulation, at p. 13. In the Housing Stipulation, Mr. Pagan represented that he was the sole occupant of the Unit, and that no one else had a claim of right to possession. Mr. Pagan consented to a judgment of possession against him. Mr. Pagan agreed: (1) to vacate the Unit on or before April 30, 2025, and (2) to pay use and occupancy ("U&O") of $3000 per month, beginning February 2025. The Co-op agreed to allow Mr. Pagan to remain in the Unit until June 30, 2025, if he paid the ongoing U&O. The Honorable Joan Rubel so ordered the Stipulation. On February 13, 2025, Judge Rubel granted

possession of the Unit to the Co-op and issued a warrant of eviction, with the earliest eviction

date of May 1, 2025. Exhibit B: Landlord and Tenant Judgment, at p. 16.

Mr. Pagan was evicted from the Unit on August 4, 2025. See ECF No. 24, Exhibit B,

Email Correspondence between the P.A. and Mr. Pagan/Ms. Petretti. On August 5, 2025, Mr.

Pagan filed an order to show cause (the "OSC") to be restored to possession. Mr. Pagan, in a

roundabout way, argued that the Co-op did not have standing to bring the holdover proceeding

against him. Mr. Pagan's argued that Ms. Petretti was not given the opportunity to object to the

P.A.'s appointment as estate administrator because she was not properly served with the

Administration Citation. To Mr. Pagan, (1) the P.A.'s appointment was invalid, (2) the P.A.'s

assignment of its eviction claim to the Co-op was invalid, and (3) therefore, the Co-op did not

have standing to evict him. Exhibit B: OSC, at p. 18.

The Honorable Clinton J. Guthrie disagreed with Mr. Pagan. On August 8, 2025, Judge

Guthrie held that the Stipulation and the judgment of possession were valid. Judge Guthrie gave

the following reasons for his decision: (1) Judge Rubel had so-ordered the Stipulation, (2) Mr.

Pagan allocuted the Stipulation before Judge Rubel, and (3) Mr. Pagan failed to provide an

adequate basis for his restoration, given that he benefitted from the Stipulation and had been

given additional months of occupancy before his eviction. Judge Guthrie allowed Mr. Pagan to

retrieve his personal property inside the Unit if he arranged access with the Building's

superintendent. Exhibit B: Decision/Order, at p. 20.

**D.  Mr. Pagan's Federal Action**

On July 7, 2025, Mr. Pagan filed a federal action on behalf of Ms. Petretti against the

Defendants herein. Mr. Pagan alleged that the Defendants discriminated against Ms. Petretti and

deprived her of her personal property (i.e., the Unit) without due process. On August 8, 2025,

U.S. District Court Judge Jennifer H. Rearden dismissed Mr. Pagan's complaint, sua sponte.

Exhibit C: Order of Dismissal, S.D.N.Y. Case No. 25-cv-05550. Judge Rearden held that the

federal court did not have subject matter jurisdiction over the case for the following reasons: (1)

Mr. Pagan did not plead a viable claim of State action under Section 1983, (2) Ms. Petretti was

not a member of a protected class under 42 U.S.C. § 1985, and (3) Mr. Pagan had not established

diversity of citizenship among the parties.

## III. ARGUMENT

### A. Ms. Petretti failed to state a claim under Section 1983 against Defendant Tsai.

Ms. Petretti claims that the Defendant Tsai deprived her of her personal property without

due process, in violation of Section 1983 and the 14th Amendment.

The Southern District held the following about Section 1983 claims:

*To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the
Constitution or laws of the United States was violated, and (2) the right was violated by a person
acting under the color of state law, or a "state actor."*

Harte v. City of New Rochelle, No. 24-CV-4994 (LTS), 2024 U.S. Dist. LEXIS 195726, at *4
(S.D.N.Y. Oct. 18, 2024).

The Constitutional right in question is the right to procedural due process guaranteed by

the 14th Amendment. "The Due Process Clause of the Fourteenth Amendment protects

'against deprivations [of life, liberty, or property] without due process of law.'" Id.

"The Fourteenth Amendment "is directed at the States ... [and] can be violated only by conduct

that may be fairly characterized as 'state action.'" Greenidge v. Baya Moving & Storage, No. 15

CV 5944 (SLT), 2015 U.S. Dist. LEXIS 149868, at *7 (E.D.N.Y. Nov. 3, 2015).

To prove a violation of Section 1983 and the 14th Amendment, Ms. Petretti must show

that: (1) she was deprived of her property, (2) she was so deprived without due process, and (3)

Defendant Tsai was a state actor.

1. **Ms. Petretti was not deprived of her property**.

Ms. Petretti claims that Defendant Tsai deprived her of use of the Unit and her property inside it. She is wrong. First, the Co-op has given Ms. Petretti the opportunity to retrieve her stuff inside of the Unit. See ECF No. 24, Exhibit B, Email Correspondence. On September 12, 2025, the P.A. asked Mr. Pagan and Ms. Petretti when she wanted to retrieve the remainder of their personal property. Ms. Petretti and Mr. Pagan were uncooperative and combative. See ECF No. 24, Exhibit B, Email Correspondence.

Second, Ms. Petretti does not have the right to occupy the Unit. Ms. Petretti neither owns the Unit nor has the right to live there. The Housing Court gave possession of the Unit to the Co-op. The P.A. is holding the Shares and the Lease in order to sell the Unit to pay administration expenses and Estate debts.

Upon information and belief, the Estate owes the Co-op about $150,000 in Common Charges. Upon information and belief, the Estate's only asset is the Unit. The P.A. must sell the Unit in order to pay the Estate's expenses and debts. In <u>Krolick</u>, the Surrogate's Court held that a decedent's creditors have first priority on her assets.

*It is for this reason that an administrator is given the power, indeed has the duty, to liquidate estate assets in order to satisfy debts of the decedent and administration expenses of the estate, even if this acts to the detriment of tenants in common who are specific devisees or intestate distributees of the estate.*

<u>Matter of Krolick</u>, 2005 NY Slip Op 51564(U), ¶ 3, 9 Misc. 3d 1115(A), 1115A, 808 N.Y.S.2d 918, 918 (Sur. Ct., Nassau Cnty.)

In short, Defendant Tsai did not deprive Ms. Petretti of her property. If Ms. Petretti wants to own the Unit, then she can pay off the arrears and apply to the Co-op for ownership.

2. **Ms. Petretti was given due process.**

Ms. Petretti contends that she was not given due process in the Surrogate's Court and Housing Court proceedings.

Surrogate's Court Due Process. Ms. Petretti was given due process in the Surrogate's Court proceeding. Not only was Ms. Petretti notified about the administration proceeding, but she also passed up the opportunity to be the Estate administrator. Her Mother died in 2018. In August 2021, the Co-op sent a collection notice, addressed to her Mother at the Unit. Exhibit A: 14-Day Demand Notice to Tenant, at p. 11. In response to the collection notice, Ms. Petretti told Attorney Giusto that she planned on administering the Estate. But, Ms. Petretti never filed a petition to be appointed Estate administrator.

The Co-op filed an administration petition because no one from her Mother's family did so. Ms. Petretti claims that the Surrogate's Court did not obtain jurisdiction over her because (1) the Citation was defective and (2) service of the Citation was improper. Under Section 203 of the Surrogate's Court Procedure Act ("SCPA"), "[p]ersonal jurisdiction of parties is obtained by service of process upon the parties or by submission to the jurisdiction of the court by waiver of issuance and service of process, appearance of an adult competent party in person or by attorney or by pleading."

On January 4, 2023, Ms. Petretti was personally served with the Citation at her home at 360 Central Park West. Exhibit A: Affidavit of Service of Citation, at p. 16. Ms. Petretti claims that service of the Citation did not comply with SCPA § 307. Under SCPA § 307(1), service of process may be made on any person by personal delivery to him or her within New York State. "Ordinarily, a proper affidavit of a process server attesting to personal delivery of a petition to the respondent is sufficient to support a finding of jurisdiction." Bruckner by the Bridge, LLC v.

<u>Gonzales</u>, 2015 NY Slip Op 51039(U), ¶ 4, 48 Misc. 3d 1211(A), 18 N.Y.S.3d 577 (Civ. Ct., Bronx Cnty.).  "A process server's affidavit of service constitutes prima facie evidence of valid service."  <u>U.S. Bank Nat'l Ass'n v. Hawthorne</u>, 2022 NY Slip Op 04575, ¶ 1, 207 A.D.3d 590, 591-92, 169 N.Y.S.3d 844, 844 (App. Div. 2nd Dept.).

"A defendant may rebut the presumption of proper service by submitting a sworn denial of receipt of service, 'substantiated by specific, detailed statements, and/or independent evidence that contradicts the allegations in the affidavit of service.'"  <u>Id.</u>, at 591-92.  In the Complaint, Ms. Petretti did not explain why service of the Citation was improper.  In fact, service was proper, and the Surrogate's Court obtained personal jurisdiction over her.

The Citation was valid.  <u>Exhibit A</u>: Citation, at p. 15.  Under SCPA § 306(1), a citation must substantially set forth: (1) the name and domicile of the deceased and of the petitioner, (2) the names of all persons who have not waived issuance and service of process, (3) the time when and the place where the citation is returnable, (4) the relief sought in the petition, (5) the date when the citation was issued, and (6) the name, address, and telephone number of the petitioner's attorney.  Under SCPA § 306(4), the citation must be (1) attested in the name of the judge, (2) attested by the seal of the court, (3) filed by the clerk, and (4) given to the petitioner.  The clerk files the original citation and furnishes a copy to the petitioner.

The petitioner served Ms. Petretti with a copy of the Citation.  Ms. Petretti asserts that the Citation was defective because it did not contain the Surrogate Court's seal.  However, because the Citation was a mere photocopy, the seal did not appear.  Under SCPA § 306(4), the petitioner is given a copy of the citation.  The petitioner is not required to serve a certified or authenticated copy of the citation.  Here, the Citation stated that it was "Dated, Attested and Sealed" on December 28, 2022.  The Citation stated the following: "If you fail to appear it will be assumed

you do not object to the relief requested." Ms. Petretti failed to appear in the administration proceeding. Consequently, the P.A. was appointed as the Estate administrator.

Ms. Petretti also claims that the Administration Decree was not signed and did not contain the name of the appointed administrator. Ms. Petretti is mistaken: the Decree was signed by the Surrogate (Honorable Rita Mella), who ordered that Letters of Administration be issued to the P.A. Exhibit A: Decree Appointing Administrator, at p. 18.

Ms. Petretti was not denied due process in the administration proceeding because (1) she was given notice of the proceeding and the opportunity to be heard, before the P.A. was appointed, and (2) she can petition to remove the P.A. as administrator. "The Second Circuit has held that notice and the opportunity to be heard prior to deprivation, coupled with a post-deprivation remedy under state law, is enough to satisfy due process. *Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009)." Ray v. N.Y.C. Office of the Sheriff, No. 17-CV-1586(AJN), 2018 U.S. Dist. LEXIS 50764, at *11 (S.D.N.Y. Mar. 27, 2018). Under SCPA § 1001, Ms. Petretti can petition to remove the P.A., but she would have to prove that the P.A. was improperly appointed. Under SCPA § 1121, Ms. Petretti can petition to supersede the P.A., but she would have to prove (1) that she was not served with the Citation and, (2) given that more than six months have elapsed since the P.A.'s appointment, that there is good cause to remove the P.A. as administrator. Under SCPA § 711, Ms. Petretti can petition to remove the P.A., but she must show misconduct on the part of the P.A.

Ms. Petretti has not exhausted all of her state remedies. Therefore, she was not denied due process in the administration proceeding.

Housing Court Due Process. The Housing Court obtained personal jurisdiction over Ms. Petretti. The petitioner (the Co-op) named Ms. Petretti as a nominal respondent. Exhibit B: Verified

Holdover Petition, at p. 1.  The Co-op served Ms. Petretti with the holdover petition by

substituted service.  Exhibit B: Affidavit of Service of Petition, at p. 7.  "It is axiomatic that

proper service of process must be effectuated for the Housing Court to

obtain personal jurisdiction over a respondent in a nonpayment/holdover proceeding in

accordance with RPAPL 735(1)."  Bruckner by the Bridge, supra.  Section 735(1) of the Real

Property Actions & Proceedings Law ("RPAPL") allows for substituted service, which is the

delivery of the petition to a person of suitable age and discretion.

Ms. Petretti did not appear in the holdover proceeding.  The case was discontinued against her

after Mr. Pagan represented that he was the only person living in the Unit.  Exhibit B:

Stipulation, at 13.

      Ms. Petretti is mistaken when she claims that the Marshal evicted her without lawful

process.  Mr. Pagan was the only respondent to appear in the holdover proceeding.  In the

Stipulation, Mr. Pagan consented to a final judgment of possession against him.  Judge Rubel so

ordered the Stipulation, granted possession of the Unit to the Co-op, and ordered the issuance of

a warrant of eviction.  See Exhibit B: Landlord and Tenant Judgment, at p. 16.  The City Marshal

evicted Mr. Pagan pursuant to Judge Rubel's order.  Exhibit B: Notice of Eviction, at p. 17.

      Ms. Petretti was given due process because (1) she was given notice of the holdover

proceeding and had the opportunity to be heard, before Mr. Pagan was evicted, and (2) she has

post-eviction remedies available to her in Civil Court.  The Housing Court continues to have

jurisdiction over Mr. Pagan's holdover proceeding, even after his eviction.  "In New York,

tenants are protected by the continuing jurisdiction of the Civil Court over the landlord/tenant

disputes."  Altagracia Santana v. Peter Gravagna, No. 21-CV-8724 (PGG)(SN), 2022 U.S. Dist.

LEXIS 102816, at *14 (S.D.N.Y. June 7, 2022).  Under RPAPL § 749(3), Ms. Petretti and Mr.

Pagan can petition the Housing Court to be restored to possession. "[T]he Civil Court may, in appropriate circumstances, vacate the warrant of eviction and restore the tenant to possession even after the warrant has been executed." Brusco v. Braun, 84 N.Y.2d 674, 682, 621 N.Y.S.2d 291, 294, 645 N.E.2d 724, 727 (Ct. of App., 1994).

Ms. Petretti alleges no facts showing that she has pursued any state remedies, nor any facts showing that these remedies are inadequate. Therefore, Ms. Petretti fails to state a claim under Section 1983 that Defendant Tsai deprived her of her property without due process. See Harte v. City of New Rochelle, supra, at *6.

### 3. Defendant Tsai was not a state actor.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. Private parties therefore generally are not liable under Section 1983." (Internal citations omitted). Pownall v. S. Realty, No. 24-CV-6450 (LTS), 2024 U.S. Dist. LEXIS 197622, at *4 (S.D.N.Y. Oct. 28, 2024).

Defendant Tsai is a private attorney. "An individual acting as a private attorney is not, by virtue of being an officer of the court, a state actor." Jean v. HRA, No. 24-CV-5401 (LTS), 2024 U.S. Dist. LEXIS 224996, at *7-8 (S.D.N.Y. Dec. 10, 2024). "It is well established that private attorneys — even if the attorney was court appointed — are not state actors for the purposes of § 1983 claims." Delarosa v. Serita, No. 14-CV-737 (MKB), 2014 U.S. Dist. LEXIS 58733, at *8 (E.D.N.Y. Apr. 28, 2014). Defendant Tsai was not a state actor when she represented the Co-op in the holdover proceeding.

### B. This Court lacks diversity jurisdiction.

Ms. Petretti did not allege or establish diversity jurisdiction. "Under 28 U.S.C. § 1332,

federal courts have jurisdiction to hear civil actions between 'citizens of different States" as long as "the matter in controversy exceeds . . . $75,000.' The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" (Internal citation omitted). Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019).

Here, there is no complete diversity. In the Complaint, Ms. Petretti states that "all Defendants reside or are found in this District." Upon information and belief, all of the parties reside or work in New York State. Ms. Petretti is a resident of Manhattan (360 Central Park West). Defendant Tsai works for the Zhang Firm in Flushing, Queens County (3907 Prince Street). See Summons, ECF No. 37. Defendant Ahne-Blume works for Douglas Elliman in Manhattan (909 Third Avenue). See Summons, ECF No. 41. The Board Defendants live in Manhattan (255 West 108th Street). See Summonses, ECF Nos. 33-36.

This Court lacks both federal question and diversity jurisdiction in this matter.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the defendant Sylvia P. Tsai respectfully requests that the Court (1) dismiss the Complaint against her in its entirety and (2) grant such other and further relief as the Court deems just and proper.

Dated: October 1, 2025; Flushing, New York

Andrew D. Solomon, Esq.
Attorney for Sylvia P. Tsai
Address: 3907 Prince Street, Suite 4B, Flushing, NY 11354
Telephone: 718-321-7006; Email: asolomon@law-gz.com