# **EXHIBIT B**

**HOUSING COURT**
Civil Court, New York County Index No. LT-318738-24/NY
255 West 108 Corp. v. Jorge L. Pagan, et al.

Verified Holdover Petition – P. 1
Ninety Notice of Termination – P. 6
Affidavit of Service of Petition for Denise Petretti – P. 7
Agreement between Public Administrator and Cooperative Corporation – P. 8
Agreement for the Assignment of Causes of Action – P. 11
Stipulation of Settlement – P. 13
Landlord and Tenant Judgment – P. 16
Notice of Eviction – P. 17
Order to Show Cause to Restore to Possession – P. 18
Decision/Order – P. 20
Affirmation of Petitioner – P. 21

FILED: NEW YORK CIVIL COURT - L&T 10/24/2024 10:09 AM INDEX NO. LT-318738-24/NY [HO]
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 10/24/2024

CIVIL COURT OF THE CITY OF NEW YORK                    L&T Index No.: _____
COUNTY OF NEW YORK HOUSING PART

255 West 108 Corp.,
              Petitioner–assignee of the Coop Unit Owner /        **VERIFIED PETITION**
              Sublandlord, Dahlia Damas, Public
              Administrator of the Estate of Marie Petretti,      **HOLDOVER**

              -against-

Jorge L PAGAN (a/k/a George L PAGAN),
              Respondent(s)-Subtenant(s),

JOHN DOE* and JANE DOE*; as nominal Respondent,
assigns and every person in possession of premises,
              Respondents-Occupants/Undertenants

and Denise PETRETTI (a/k/a Denise GRABARNICK) and
Ernest PETRETTI (a/k/a/ Ernest PETRETTI Jr.),

              Nominal Respondents

Premises: 255 West 108th Street, Unit 2B, New York, NY 10025

*First and/or last name of Respondents being fictitious and unknown to
Petitioner, Person intended being in possession of the premises described.

TO THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK:

        255 West 108 Corp., for its Petition herein, by The Law Offices of Fuqiang Zhang, P.C.,

its attorneys, respectfully alleges the following, upon information and belief:

1.      Petitioner 255 West 108 Corp. ("Petitioner") is the assignee of Dahlia Damas, Public

Administrator of the Estate of Marie Petretti, the Coop Unit Owner/Sublandlord of the premises

hereinafter described (the "Premises").

2.      Upon information and belief, Respondent Jorge L PAGAN (a/k/a George L PAGAN)

("Respondent Pagan") was the subtenant of Marie Petretti (the "Decedent"), the deceased Coop

Unit Owner/Sublandlord of the Premises, and such subtenancy was not approved by the Coop.

1

FILED: NEW YORK CIVIL COURT - L&T 10/24/2024 10:09 AM    INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/24/2024

3.    Upon information and belief, Respondent Pagan entered into possession of the Premises under a sublease, verbal or written, with Decedent Marie Petretti before March 14, 2018, when the Decedent passed away.

4.    Respondents John DOE and Jane DOE are the possible occupants/undertenants in occupancy of the Premises ("Undertenants"), whose names are unbeknownst to the Petitioner.

5.    The building from which removal is sought is located at 255 West 108th Street, New York, NY 10025 and it is a cooperative (co-op) apartment ("Property"). The demised premises are Unit 2B of and within the Property ("Premises").

6.    The Premises are situated within the territorial jurisdiction of this Court.

7.    The Premises from which removal is sought were rented for residential purposes only.

8.    Petitioner served Respondent Pagan and the Undertenants with a Ninety-Day Notice of Termination with Good Cause Eviction Addendum (the "Notice of Termination"). The Notice informed Respondent Pagan and the Undertenants that they must vacate the Premises on or before September 30, 2024. A true copy of the Notice of Termination and the proof of service thereof is annexed hereto as **Exhibit A**.

9.    After the service of the Notice of Termination, Respondent Pagan informed Petitioner that he is the attorney-de-facto of Denise Petretti, a nominal Respondent.

10.    Upon information and belief, Denise Petretti, the nominal respondent, is a distributee of the Decedent Marie Petretti, and Pagan indicates that she appointed Respondent Pagan as her attorney de facto with a written Power of Attorney ("POA").

11.    Upon information and belief, Ernest Petretti, the nominal respondent, is a distributee of the Decedent Marie Petretti.

2

FILED: NEW YORK CIVIL COURT - L&T 10/24/2024 10:09 AM    INDEX NO. LT-318738-24/NY [HO]
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 10/24/2024

12.    Upon information and belief, Denise Petretti, the nominal respondent, does not have any right of possession.

13.    Upon information and belief, Denise Petretti, the nominal respondent, only has a right to the distribution of the estate of Marie Petretti, if any.

14.    Upon information and belief, Respondent Pagan, who claims to be the attorney-de-facto of Denise Petretti, the nominal respondent, does not have any right of possession to the Premises through the POA even assuming, arguendo, the POA is valid.

15.    Upon information and belief, Ernest Petretti, the nominal respondent, does not have any right of possession.

16.    Upon information and belief, Ernest Petretti, the nominal respondent, only has a right to the distribution of the estate of Marie Petretti, if any.

17.    Respondent Pagan and the Undertenants hold over and continue in possession of the Premises without Petitioner's permission.

18.    Respondent Pagan and the Undertenants are liable to Petitioner for the reasonable use and occupancy.

19.    Petitioner lacks written information or notice of any address where any Respondent resides, is employed, or has a place of business in New York State, other than the Premises and the following: Denise Petretti at 360 Central Park West, #16D, New York NY 10025; Ernest Petretti at 445 41st Street, Brooklyn, NY 11232.

20.    The Premises are not subject to the Rent Stabilization Law of 1969, as amended, because the Property where the Premises is located is a non-evict Co-op and the Premises were occupied by the shareholder who owns the shares in the Co-op.

*3*

21.     In accordance with the applicable provision of the Good Cause Eviction Law, the Premises are exempt pursuant to Article 6-A, section §214(7), specifically because the Premises are within a housing accommodation owned as a cooperative.

22.     The Premises are located in a multiple dwelling cooperative building which has a currently valid registration with HPD detailed below:

    1)  HPD number: 116879

    2)  Managing Agent: PATRICIA PETTWAYBROWN

    3)  Managing Agent Address: 909 Third Avenue, 11th Floor, New York, NY 10022

23.     By reason of Respondent Pagan and Undertenants' holdover, Petitioner must commence summary proceedings.

**WHEREFORE,** Petitioner respectfully requests a final judgment awarding Petitioner: (a) possession of the Premises with the issuance of a warrant to remove Respondents from possession of the Premises; (b) a money judgment for the reasonable use and occupancy of at least $3,000/month plus interest starting in October 2024; and (c) such other and further relief this Court deems just and proper.

Dated:  New York, NY
       October 24, 2024

                                   The Law Offices of Fuqiang Zhang, P.C.
                                   *Attorney(s) for Petitioner*

                                   By: Sylvia P. Tsai, Attorney at Law
                                   275 Madison Ave Ste 903
                                   New York NY 10016
                                   stsai@law-gz.com

4

## VERIFICATION

The undersigned, an attorney duly licensed to practice in the State of New York, hereby affirms under penalty of perjury that:

1. She is one of the attorneys for the petitioner;
2. She has read the foregoing petition and knows the contents thereof, that the same are true to her own knowledge except to matters stated to be upon information and belief; and so as to those matters, she believes them to be true;
3. The grounds of her belief as to matters not stated upon her knowledge are statements or records provided by the petitioner, its agents, and employees and contained in the file in the attorney's office; and that
4. This verification is made pursuant to the provisions of RPAPL 741.

Dated: New York, New York
October 24, 2024

By: Sylvia P. Tsai, Esq.
The Law Offices of Fuqiang Zhang, P.C.

5

FILED: NEW YORK CIVIL COURT - L&T 10/24/2024 10:09 AM INDEX NO. LT-318738-24/NY [HO]
NYSCEF DOC. NO. 3                                                          RECEIVED NYSCEF: 10/24/2024

## NINETY (90) DAY NOTICE OF TERMINATION

To:        Subtenants: Jorge L PAGAN (a/k/a George L PAGAN)
-and-
Occupants/Undertenants: John DOE and Jane DOE
Or assigns, and every person in possession of the Premises.

**Premises:**    **255 West 108th Street, Unit 2B, New York, NY 10025** (hereinafter as the "Premises")

---

You are hereby notified that 255 West 108 Corp, as assignee of the Coop Unit Owner/Sublandlord elects to terminate your tenancy/occupancy of the above-described premises under a month to month hiring/ tenancy at will or by sufferance. Unless you remove from the said premises on **September 30, 2024**, the day on which your term expires, 255 West 108 Corp, as assignee of the Coop Unit Owner/Sublandlord will commence summary proceedings or appropriate legal action under the Statute to remove you from said premises for the holding over after the expiration of your term and will demand the value of reasonable use and occupancy ($3,000 /month) of the premises during your tenancy and such holding over.

**PLEASE TAKE FURTHER NOTICE** that pending the summary proceeding or appropriate action and prior to the expiration of this Notice, the Subtenant may continue in occupancy and shall be required to pay reasonable use and occupancy of at least $3,000/month to 255 West 108 Corp, as assignee of the Coop Unit Owner/Sublandlord.

**PLEASE TAKE FURTHER NOTICE** that this notice is served without prejudice and subject to additional information that may be obtained.

**PLEASE TAKE FURTHER NOTICE** that any response to this notice should be directed to the attorneys for 255 West 108 Corp, as assignee of the Coop Unit Owner/Sublandlord listed below.

Dated: June 12, 2024

JAN JERICHO

Co-op Unit Owner/Sublandlord: 255 West 108 Corp., as assignee of Dahlia Damas, Public Administrator of the Estate of Marie Petretti

Sylvia P. Tsai, Attorney at Law
The Law Offices of Fuqiang Zhang, P.C.
*Attorney(s) for Landlord*
39-07 Prince Street, Suite 4B
Flushing, NY 11354
Tel: (718) 321-7006
Fax: (718) 321-7135

**FILED: NEW YORK CIVIL COURT - L&T 11/08/2024 11:56 AM** INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 5

RECEIVED NYSCEF: 11/08/2024

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

**Plaintiff / Petitioner:**

255 West 108 Corp.

      Petitioner–assignee of the Coop Unit Owner /
      Sublandlord, Dahlia Damas, Public Administrator
      of the Estate of Marie Petretti,

**Defendant / Respondent:**

Jorge L PAGAN (a/k/a George L PAGAN), JOHN DOE, JANE DOE
and Denise PETRETTI (a/k/a Denise GRABARNICK) and Ernest
PETRETTI (a/k/a/ Ernest PETRETTI Jr.),

**AFFIDAVIT OF SERVICE**

Index No:
LT-318738-24/NY [HO]

The undersigned being duly sworn, deposes and says, deponent is not a party herein, is over 18 years of age and resides at <u>88-18 Sutphin Blvd Suite# 201, Jamaica, NY 11435.</u>  That on Tue, Nov 05, 2024, AT 06:06 AM AT 360 CENTRAL PARK WEST #16D, NEW YORK, NY 10025 deponent served the within NOTICE OF PETITION HOLDOVER AND VERIFIED PETITION HOLDOVER with NOTICE OF ELECTRONIC FILING (Consensual Case) and NOTICE TO TENANT OF APPLICABILITY OR INAPPLICABILITY OF THE NEW YORK STATE GOOD CAUSE EVICTION LAW on Denise PETRETTI (a/k/a Denise GRABARNICK).

☐ **Individual:** by delivering a true copy of each to said defendant / respondent, personally; deponent knew the person so served to be the person described as said defendant / respondent therein.

☐ **Corporation:** a defendant / respondent, therein named, by delivering a true copy of each to personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be duly empowered to accept service on behalf of the corporate entity with said individual acknowledging that he/she was authorized to accept service as for the corporation, thereof.

☒ **Suitable Person:** by delivering thereat, a true copy of each to <u>Jose</u> a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant / respondent, or a person of suitable age or discretion thereat, having called thereon; at

☒ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant / respondent at defendant / respondent's last known residence / business, <u>360 CENTRAL PARK WEST #16D, NEW YORK, NY 10025</u> and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, within New York State. Mailed on <u>11/06/2024.</u> First class mail and certified mail.

☐ **Military Service:** I asked the person spoken to whether defendant / respondent was in active military service of the United States or of the State of New York in any capacity whatsoever or whether he / she was dependent upon anyone in the active military service of New York State or the United States and received a negative reply. *Defendant / respondent wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant / respondent is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | |
|---|---|---|---|---|
| Age: 50 | Ethnicity: Hispanic | Gender: Male | Weight: 180-190 |
| Height: 5'8" | Hair: Other | Eyes: Brown | Relationship: Doorman |

Other  I was informed by Jose (Doorman) that the respondent Denise Petretti (a/k/a/ Ernest PETRETTI Jr.), is seldom home and she is not presently home, and I could not go upstairs but he was authorized to accept service on her behalf.

Sworn to before me on  11/06/2024

Larry Hyppolite
DCA-1241095

Notary Public

JULIAN KARAIN HAMILTON FORBES
Notary Public, State of New York
Qualified in Queens County
No. 01HA6101386
Commission Expires 11/10/2027

1 of 10

FILED: NEW YORK CIVIL COURT - L&T 01/23/2025 04:28 PM  INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 14                                                    RECEIVED NYSCEF: 01/23/2025

## AGREEMENT

AGREEMENT dated this 3rd day of May, 2024 by and among 255 West 108th Street Corp. (the "Co-op"), and Dahlia Damas, Public Administrator of the County of New York, as Administrator of the Estate of Marie Petretti, maintaining an office at 31 Chambers Street, Suite 311, New York, New York 10007 (the "Public Administrator")

### WITNESSETH:

WHEREAS, at her death Marie Petretti ("Decedent") owned 38 shares (the "Shares") of the Co-op and was the lessee of Unit 2B within the premises located at 255 West 108th Street, New York, New York ("Unit"); and

WHEREAS, the Public Administrator was appointed as the Administrator of the Estate of Marie Petretti (the "Estate") by decree of the Surrogate's Court, New York County dated April 21, 2023 and

WHEREAS, neither the Co-op nor the Public Administrator are in possession of the original stock certificate of Decedent and the original proprietary lease between the Co-op and the Decedent and both the stock certificate and proprietary lease (the "Proprietary Lease") were reissued on or about August 15, 2023; and

WHEREAS, the Co-op issued a 14-day notice to cure dated September 5, 2023, and served on the Public Administrator on September 8, 2023, with regard to outstanding maintenance arrears and the occupancy of the Unit by an unauthorized sub-tenant; and

WHEREAS, the cure time period has expired without the violations having been cured; and

WHEREAS, the parties wish to settle the matter between them without further legal process and wish to resolve all disputes between them, without any admission of fault or liability by any of the parties, on the terms and conditions set forth herein and

NOW THEREFORE, in consideration of the covenants and promises contained herein, the parties hereto mutually agree as follows:

1.    The Public Administrator acknowledges that through May 1, 2024, the Estate owes common charges, assessments, accumulated interest, collection costs and expenses in the total amount of $124,513.92. (the "Obligations").

2.    The Public Administrator acknowledges that it has not granted occupancy, leasehold, or licensee rights to George Pagan or any other current occupant of the Unit.

FILED: NEW YORK CIVIL COURT - L&T 01/23/2025 04:28 PM    INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 14                                                    RECEIVED NYSCEF: 01/23/2025

3.    The Public Administrator will execute the Assignment of Claim attached as Exhibit "A" assigning its claims to and authorizing the Co-Op to take all necessary steps to recover possession of the Unit from its current occupants, including, but not limited to, by bringing a summary proceeding and/or plenary action.

4.    The Public Administrator shall cooperate with all reasonable requests of the Co-op and its agents in seeking to recover possession of the Unit, including, but not limited to, the execution of additional documents.

5.    The Co-op agrees that in its proceeding to recover possession of the Unit, it shall not seek to terminate the Proprietary Lease or to recover the Shares.

6.    Public Administrator acknowledges that for so long as it remains the owner of the Shares, common charges, assessments and other obligations provided for in the Co-op's By-Laws shall continue to accrue and that this Agreement is not intended to, and does not, impact and/or reduce the Estate's liability for any such amounts.

7.    Upon the Co-op removing the occupants from possession of the Unit, the Public Administrator shall be permitted to sell the Shares, subject to the then applicable transfer procedures of the Co-op, including, but not limited to, that all arrears, including but not limited to the Obligations, common charges, assessments and other financial obligations provided for in the Co-op's By-Laws and Proprietary Lease that accrue subsequent to the date of this Agreement, and all costs and expenses incurred by the Co-op, including counsel fees actually incurred, regardless of whether previously paid by the Co-op or still outstanding, in addressing the Decedent/Estate's default of their obligations under the Co-op's By-Laws and Proprietary Lease and in connection with actions to recover possession of the Unit as authorized under this Agreement, to the extent not previously paid, shall be paid directly at Closing of the Sale of the Shares.

8.    Under all circumstances, late charges due and owing by the Estate pursuant to the Co-op's By-Laws and Proprietary Lease shall be the lesser of the amount provided for in the Co-op's By-Laws and Proprietary Lease and 25% per annum.

9.    Nothing in this Agreement limits the remedies available to the Co-op under the Proprietary Lease or the applicable law in the event it is not successful in removing the current occupants from the Unit and/or if the Public Administrator fails to act expeditiously to sell the Shares after the removal of the current occupants. Notwithstanding the foregoing, the Public Administrator shall have a period of six (6) months from the date all occupants are removed from the Unit to sell the Unit. The Public Administrator shall select a licensed and reputable real estate broker to list the Unit for sale, who shall provide a marketing plan for the Unit. The broker must be approved by the Co-op, but the Co-op's consent to the Public Administrator's choice of broker may not be unreasonably withheld. So long as the Public Administrator is actively making efforts to sell the Unit and not in default of its obligations under this Agreement, the period for the Public Administrator to sell the Unit shall be extended on a monthly basis until the Unit is sold. Such extensions must be approved by the Co-op, but the Co-op's consent may not be unreasonably withheld.

FILED: NEW YORK CIVIL COURT - L&T 01/23/2025 04:28 PM    INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 14                                                    RECEIVED NYSCEF: 01/23/2025

10.    The Co-op expressly reserves the right to claim a sublet fee from the proceeds of the Co-op equal to 10% of any amounts which it can establish were paid by the Occupant to the Decedent, the Estate, and/or any distribute of the Decedent during his period of occupancy.

11.    This Agreement may only be amended in a writing signed by all parties hereto.

12.    This Agreement may be signed in counterparts, and electronic signatures or digital reproductions of signatures shall have the same force and effect as originals.

Dated: May 6 , 2024

255 West 108th Street Corp.

Dahlia Damas, Public Administrator of
The County of New York, as Administrator
Of the Estate of Marie Petretti

By: Jan Jericho____, President

10

FILED: NEW YORK CIVIL COURT - L&T 01/23/2025 04:28 PM INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 14                                                    RECEIVED NYSCEF: 01/23/2025

## AGREEMENT FOR THE ASSIGNMENT OF CAUSES OF ACTION

This Agreement for the Assignment of Causes of Action (this "Agreement") is made and entered into as of May 3, 2024 (the "Effective Date"), by and between the Public Administrator of New York County (the "PA") and 255 West 108th Street Corp. (the "Co-op Corp").

### RECITALS

A.    WHEREAS, on March 14, 2018, Marie Petretti ("Decedent") died intestate, a resident of New York County;

B.    WHEREAS, on April 21, 2023, the Surrogate's Court of New York County appointed the PA to be administrator of Decedent's estate (the "Estate");

C.    WHEREAS, Decedent owned the equity shares in and proprietary lease to Unit #2B (the "Unit") in a cooperative building called The Manchester, which is located at 255 West 108th Street, New York, New York 10025;

D.    WHEREAS, Co-op Corp, a New York corporation, owns The Manchester;

E.    WHEREAS, according to Co-op Corp, the Estate owes Co-op Corp. $124,513.92 for maintenance fees, assessments, costs and interest charges (collectively, the "Co-op Debt");

F.    WHEREAS, a subtenant ("Subtenant") occupies the Unit without the consent of Co-op Corp;

G.    WHEREAS, Co-op Corp wishes to evict Subtenant;

H.    WHEREAS, the PA has the authority to bring an eviction proceeding or an ejectment action against Subtenant (the "Eviction Right");

I.    WHEREAS, the PA has the authority to bring a nonpayment proceeding or action against Subtenant for the collection of rent, use and occupancy, and co-op related fees and charges (the "Collection Right"); and

J.    WHEREAS, the PA wishes to assign its Eviction Right and Collection Right to Co-op Corp.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1.    Assignment. The PA hereby irrevocably assigns to Co-op Corp, and Co-op Corp hereby assumes from the PA, the Eviction Right and the Collection Right;

FILED: NEW YORK CIVIL COURT - L&T 01/23/2025 04:28 PM   INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 14                                                    RECEIVED NYSCEF: 01/23/2025

2.    Surplus.  If Co-op Corp collects more than the Co-op Debt, then Co-op Corp shall remit such surplus to the PA, within 30 days of collection.

3.    Cooperation.  The PA agrees to provide Co-op Corp, in a timely manner, with requested information reasonably needed to enforce the Eviction Right and the Collection Right.

4.    Entire Agreement.  This Agreement constitutes the sole agreement of the parties with respect to its subject matter.  It supersedes any prior written or oral agreements or communications between the parties.  It may not be modified except in a writing signed by the parties.

5.    Successors.  This Agreement binds and inures to the benefit of the parties and their respective heirs, personal representatives, successors, and assigns.

6.    Severability.  If any part of this Agreement is for any reason held to be unenforceable, the rest of it remains fully enforceable.

7.    Applicable Law.  New York State law applies to this Agreement without regard for any choice-of-law rules that might direct the application of the laws of any other jurisdiction.

8.    Counterparts.  This Agreement may be signed in counterparts, each one of which is considered an original, but all of which constitute one and the same instrument.

        IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the Effective Date.

ASSIGNOR:

The Public Administrator of New York County

By: _Dahlia Damas_  05/04/2024
      Name:

ASSIGNEE:

255 West 108th Street Corp.

By: _____
      Name:
            Jan Jericho

FILED: NEW YORK CIVIL COURT - L&T 02/14/2025 12:19 PM INDEX NO. LT-318738-24/NY [HO]
NYSCEF DOC. NO. 20                                          RECEIVED NYSCEF: 02/14/2025

## CIVIL COURT OF THE CITY OF NEW YORK

County of __NEW YORK: HOUSING PART D__          Index No. L&T: __318738/24- NY__
Date __2/13/25__   Part ___D___                 Page ___ of ___
                                                Hon. __JEAN RUBEL__

255 West 108th Street Corp.                     **STIPULATION OF**
                    *Petitioner(s) – Landlord (s)*   **SETTLEMENT**
            *against*
Jorge L. Pagan (a/k/a George L. Pagan)          -   Judgment of Possession
                    *Respondent(s) – Tenant (s).*   -   Warrant of Eviction
                                                -   EED: 5/1/25

| Party (please print) | Amended/Deleted | Appearance | No Appearance | Answer |
|---|---|---|---|---|
| Petitioner _255 West 108 Corp amended as 255 West 108th Street Corp_ | V | | | |
| Respondent I. Jorge L. Pagan (a/k/a George L. Pagan | | V | | |
| Respondent 2. Denise Petretti, Ernest Petretti Jr. John & Jane Doe **discontinued** | | | | |

This matter and the pending motion are resolved as follows:

1.      This Stipulation of Settlement ("Stipulation") is made by and between 255 West 108th Street Corp.

( amended from 255 West 108 Corp, "Petitioner"), through its attorneys, The Law Offices of Fuqiang Zhang,

P.C., and Jorge L. Pagan (a/k/a George L. Pagan). ("Respondent"). Motion is hereby withdrawn.

2.      Respondent consents to the jurisdiction of the Court.

3.      Respondent represents that he has not, and will not, sublet, assign, nor license the subject Premises, nor

any part thereof, to any other person or entity, and that no third party has a proper claim of right to possession

and/or occupancy of the subject Premises at this time. Based upon said representation, this proceeding is

discontinued against John Doe, Jane Doe, Denise Petretti (a/k/a Denise Grabarnick) and Ernest Petretti Jr.,

subject to restoration should it become known to Petitioner that there are other occupants in the Premises

besides Respondent.

4.      Respondent consents to a Final judgment of possession for the Premises. Warrant of eviction against

Respondent shall issue forthwith, and execution thereof is stayed through April 30, 2025, for Respondent to

vacate as set forth herein. The earliest date of eviction shall be May 1, 2025 ("EED").

5.      Respondent shall vacate and surrender possession of the Premises to Petitioner no later than April 30,

1

13

2025 ("Final Vacate Date"). Such a surrender shall be evidenced by Respondent returning the keys to the Premises to Petitioner's legal representative at 275 Madison Avenue, Suite 903, New York, NY 10016 by April 30, 2025 5 PM EST, Petitioner's legal representative to provide receipt thereof. The Premises shall be in broom-clean, good condition, normal wear and tear excepted, and free of all occupants and personal property. Any personal property left will be deemed abandoned.

6.      Respondent represents that he has not, and will not, sublet, assign, nor license the subject Premises, nor any part thereof, to any other person or entity, and that no third party has a proper claim of right to possession and/or occupancy of the subject Premises at this time. Based upon said representation, this proceeding is discontinued against John Doe, Jane Doe, Denise Petretti (a/k/a Denise Grabarnick) and Ernest Petretti Jr., subject to restoration should it become known to Petitioner that there are other occupants in the Premises besides Respondent.

7.      Respondent shall pay the monthly use and occupancy ("U&O") of $3,000 starting February 2025 through Final Vacate Date. The February U&O shall be paid by 02/15/2025 and ongoing U&Os to be paid by 5th day of each month.

8.      Respondent represents that no respondent or other occupants, if any, are in the military service of the United States, and no respondent or other occupants, if any, depend on anyone therein.

9.      Respondent represents there is no pending ERAP or LRAP application.

10.     Security deposit, if any, is forfeited. *Respondent represents there is no security deposit.*

11.     Provided Respondent comply with the terms hereof and vacate timely, on or before the Final Vacate Date, Petitioner agrees to sever all rent, maintenance or U&O owed through January 31, 2025.

12.     Respondent may be eligible for up to a two-month extension upon showing diligent effort to relocate. If eligible, the monthly U&O will be $3,000.00 starting May 2025, which shall be paid by the 5th day of each month.

13.     In the event of Respondent's default, whether by nonpayment of U&O, inaction, order to show cause, or other methods, Petitioner may execute the warrant and may seek a money judgment (either in this court or any

2      14

court with proper jurisdiction) against Respondent for the use and occupancy in the amount of $3,000.00 per month starting October 2024, through the date Petitioner recovers possession of the Premises, along with reasonable attorneys' fees. *In such events, all defenses reserved.*

14.    Upon Respondent's surrender of possession pursuant to the terms hereof, Respondent shall have no further rights with respect to the Premises.

15.    This stipulation may be executed in counterparts and by electronic signatures, which shall be deemed as valid and binding as original signatures.

Dated: February 13, 2025
       New York, NY

Petitioner:                                     Respondent:

By: Sylvia Tsai, Esq.
275 Madison Avenue, Suite 903
New York, NY 10016                              Jorge L Pagan (a/k/a George L Pagan), as Respondent
(646) 415-8841

3    15

FILED: NEW YORK CIVIL COURT - L&T 03/10/2025 11:12 AM    LT-318738-24/NY [HO]

NYSCEF DOC. NO. 22    RECEIVED NYSCEF: 03/10/2025

## New York County Civil Court
## Landlord and Tenant Judgment

Petitioner(s):
255 West 108 Corp.

**Index Number: LT-318738-24/NY**

vs.

Respondent(s):
Jorge L. Pagan AKA George L Pagan

A Notice of Petition and Holdover Petition duly verified and proof of service having been filed with this court and the issue having been settled between the parties, a final order is made, Per Stipulation of Parties in favor of Petitioner: 255 West 108 Corp..

On Motion of:    The Law Offices of Fuqiang Zhang, P.C.
275 Madison Ave, Ste 903, New York, NY 10016

### IT IS ADJUDGED:

That possession of the premises, described in the petition located at 255 West 108th Street, Unit 2B, New York, NY 10025-, be awarded to the petitioner(s).

This court has determined this case to be a consumer debt action against a natural person, therefore the 2% post-judgment interest rate pursuant to NY CPLR §5004(a) applies.

Petitioner creditor(s) and address(es):
(1) 255 West 108 Corp., at c/o The Law Offices of Fuqiang Zhang, P.C., 275 Madison Ave, Ste 903, New York, NY 10016

Respondent debtor(s) and address(es):
(1) Jorge L. Pagan AKA George L Pagan, at 255 West 108th Street, Unit 2B, New York, NY 10025

### IT IS FURTHER ORDERED:

That a warrant of eviction shall issue removing Jorge L. Pagan AKA George L Pagan from the described premises. The execution of the warrant is stayed per Stipulation/Order. The earliest date upon which execution may occur is 05/01/2025.

Date of Decision: 02/13/2025

Honorable Joan Rubel
Housing Court Judge

Judgment entered at New York County Civil Court, 111 Centre Street, New York, NY 10013, in the STATE OF NEW YORK in the total amount of **$0.00 on 02/13/2025 at 10:03 AM.**

Judgment sequence 1

Tanya Faye, Chief Clerk

Warrant issued to Marshal null on _____

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

16

**FILED: NEW YORK CIVIL COURT - L&T 06/25/2025 09:36 AM** INDEX NO. LT-318738-24/NY [HO]
NYSCEF DOC. NO. RECEIVED NYSCEF: 06/25/2025

255 WEST 108TH STREET CORP.

| | |
|---|---|
| | Petitioner |
| | *Landlord* |

against

**JORGE L PAGAN (A/K/A GEORGE L PAGAN)**
**255 WEST 108TH STREET APT: UNIT 2B**
**NEW YORK, NY 10025**

| | |
|---|---|
| | Respondent |
| | *Tenant and* |
| | *Undertenant* |

CIVIL COURT OF THE CITY OF NEW YORK
Tribunal Civil de la Ciudad de Nueva York

COUNTY OF **NEW YORK**
Condado de

INDEX #: **318738/24**

MARSHAL'S DOCKET #: **48648**

**EDWARD F. GUIDA JR. #14**
**47-26 104TH STREET**
**CORONA, NY 11368**
Phone: **(718) 779-2134**
Fax: **(718) 779-8123**
guidajr@nycmarshal14.com

---

## NOTICE OF EVICTION - 14 DAYS

To the above tenant(s) and undertenant(s):

The Court has issued a warrant for eviction. If you do not vacate the location listed above within **FOURTEEN DAYS** after the date of this notice, YOU MAY BE EVICTED, WITHOUT FURTHER NOTICE ON **THE FOLLOWING BUSINESS DAY** or on any business day after. "Business Days" are Monday through Friday except legal holidays.

### HOW CAN I STOP THIS EVICTION?

- The ONLY way you can stop this eviction is with a Court order prior to eviction that (1) temporarily stays your eviction, or (2) vacates a warrant for the non-payment of rent, after a deposit or payment with the Court of the full rent due.
- You may apply for such an order at the Civil Court, Landlord-Tenant part, in your borough. Contact information for the Courts is available at the link below.
- If granted, a temporary stay will stop this eviction until the stay expires or is vacated by the Court.

### HOW CAN I BE EVICTED?

- **If you do nothing in response to this notice, you may be evicted without further notice.**
- If a Court has already ordered that you be evicted if you fail to make a payment or comply with the Court's order by a certain date, your failure to pay or comply with the Court's order by that date may result in your eviction without further notice.

### HOW CAN I GET HELP?

- New York City provides free legal services for tenants facing evictions. Call 718-557-1379 for information about how to access free legal assistance. Free interpretation services are available.
- If you are dependent upon a person in the military service of the United States, let the clerk of the Court know immediately in order to protect yours rights. Contact information of the Clerk is available at the link below.
- The Department of Social Services may be able to help you with back payments or other assistance. Call 718-557-1399 or 311 for information. Free interpretation services are available.

**Date of Notice/Fechada el†**

| |
|---|
| **06/24/2025** |

**Earliest Eviction Date/Primera Fecha de Desalojo**

| |
|---|
| **07/09/2025** |

---

## NOTIFICACION DE DESALOJO DE 14 DIAS

A los inquilinos y subinquilinos citados arriba:

El tribunal ha emitido una orden de desalojo por la cuál, de no desocupar el lugar indicado arriba dentro de **CATORCE DÍAS** después de la fecha de la presente notificación, PODRIAN DESALOJARLO SIN PREVIO AVISO A PARTIR DEL **DÍA HÁBIL SIGUIENTE,** a contar de Lunes a Viernes excepto los días festivos oficiales.

### ¿CÓMO DETENGO EL DESALOJO?

- La ÚNICA forma es que emita el tribunal antes del desalojo (1) que lo suspenda temporalmente o (2) que desestime una orden judicial por impago o después de realizar depósito o saldar el alquiler ante el tribunal.
- Podrá solicitar dicho dictamen en la Sala de Asuntos entre Propietario e Inquilino en el tribunal civil de su municipio.
Vea los datos de contacto de los tribunales en el enlace al pie de la página.
- De ser concedido dicho dictamen, una suspensión temporera detendrá el desalojo hasta que venza o bien lo desestime el tribunal.

### ¿CÓMO PODRIAN DESALOJARME?

- **De hacer caso omiso a esta notificación, podrían desalojarlo sin previo aviso.**
- Si el tribunal ya dictaminó que lo desalojen por impago o incumplimiento de dicha orden en fecha determinada, podrían desalojarlo sin previo aviso.

### ¿DÓNDE CONSIGO AYUDA?

- La ciudad ofrece servicios legales gratis a inquilinos con amenaza de desalojo. Llame al 718-557-1379 y averigüe cómo conseguirla. Se dispone de interpretación gratis.
- Si depende de alguien en el servicio militar de los Estados Unidos, proteja sus derechos al informárselo enseguida al secretario del tribunal, cuyos datos de contacto aparecen en el enlace al pie de la página.
- El Departamento de Servicios Sociales (Department of Social Services) podría ayudarle con los pagos atrasados y demás asuntos. Infórmese por el 718-557-1399 o el 311. Se dispone de interpretación gratis.

**More Information / Más Información en**
**nyc.gov/doi/evictions (212) 709-7900**

*17*

---

驱逐通知 - 更多信息
Уведомление о выселении: дополнительная информация
উচ্ছেদের সমন — আরও তথ্যের জন্য
إشعار إخلاء — مزيد من المعلومات

驅逐通知 - 更多資訊
Avi Konsènan Degèpisman: plis enfòmasyon
퇴거 통지 - 자세한 정보
Avis d'expulsion: plus d'informations
Powiadomienie o eksmisji: dodatkowe informacje

† The date of this notice shall be on or after the date the notice is served on respondent.    † La presente notificación está fechada a partir del día de entrega al demandado.

1 of 1

Personal Copy

**FILED: NEW YORK CIVIL COURT - L&T 08/05/2025 11:46 AM** INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 2 Warning to Petitioner - Your Failure to Appear in Court May Result in the Award of Possession to the Respondent RECEIVED NYSCEF: 08/05/2025

Civil Court of the City of New York
County of New York
Housing Part

Index #: **LT-318738-24/NY**
Seq #: 2
# Resp OSC Applications: 1

### Order to Show Cause to Restore to Possession (Existing Proceeding)

255 West 108 Corp.
      Petitioner(s)
  -against-
Jorge L. Pagan AKA George L Pagan
      Respondent(s)

**Property Address:**
255 West 108th Street, Unit 2B
New York, NY 10025

Upon the annexed affirmation of Jorge L. Pagan, sworn to on August 5, 2025
Let the Petitioner(s) or His/Her/Their Attorney(s) Show Cause at a Motion Term of the:

| | |
|---|---|
| Civil Court of the City of New York<br>Housing Part: Part D<br>Room: 524<br>Located at: 111 Centre Street, New York, NY 10013<br>On: ~~August 8, 2025~~ 8/7/25<br>At: 09:30 AM | **You must appear and bring this notice with you.**<br>For instructions, go to https://nycourts.gov/appear |

or as soon thereafter as counsel may be heard, why an Order should not be made:
**awarding and restoring the respondent(s) to possession of the premises, placing the case on the calendar for trial on a day certain**
and/or granting such other and further relief as may be just.

Until the entry of a Court Order, all proceedings by the Petitioner, his/her Attorney, and any City Marshal are:
1) ☒ **STAYED** from Re-Letting the Subject Premises;
2) ☒ **STAYED** from Removing any of the Contents of the Premises;
3) ☒ **ORDERED** to Permit Respondent access for the limited purpose of obtaining his/her possessions; with supervision for inaccessible
4) ( )
5) ☒ Stay from demolition and renovations

Service of a copy of this Order to Show Cause and Annexed Affirmation upon the Party's Attorney (or if he/she has none, on the party)
shall be

| **Attorney (or Party)** | **Marshal** |
|---|---|
| (Judge to Initial) | (Judge to Initial) |
| __By Personal Service "In Hand Delivery" | __By Personal Service "In Hand Delivery" |
| __By Certified Mail, R.R.R. | __By Certified Mail, R.R.R. |
| __By 1st Class Mail, with certificate of Mailing at Post Office | __By 1st Class Mail, with certificate of Mailing at Post Office |

service by NYSCEF

On or before 8/6/25, shall be deemed good and sufficient, papers may be served by the Respondent in Person. Proof of such
service may be filed with the clerk in the Part indicated above on the return date of the Order to Show Cause.

**Attorney (or Party):**
The Law Offices of Fuqiang Zhang, P.C.
275 Madison Ave, Ste 903
New York, NY 10016
(718) 321-7130

**Marshal:**
Guida Jr., Edward F. (14), Marshal
Marshal of the City of New York
47-26 104th Street
Corona, NY 11368-2811
(718) 779-2134

Date: AUG 0 5 2025

Denied:
Generated: August 5, 2025

NOTICE OF EVICTION
JUDGES NOTIFICATION TO MARSHALL
BY PRIOR TO OSC SIGNING
DATE 8/5/25 TIME 11:42 INITIALS
PERSON CONTACTED Kristen

Hon. Clinton J. Guthrie, Housing Court Judge

18

1 of 2

FILED: NEW YORK CIVIL COURT - L&T 08/05/2025 11:46 AM INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 29                                                    RECEIVED NYSCEF: 08/05/2025

**Civil Court of the City of New York**
County of New York

Index Number: LT-318738-24/NY
Pre-OSC Seq: 1

### Affirmation in support of an Order to Show Cause to Restore to Possession (Existing Proceeding)

255 West 108 Corp.
      Petitioner(s)
   -against-
Jorge L. Pagan AKA George L Pagan
      Respondent(s)

**Property Address:**
255 West 108th Street, Unit 2B
New York, NY 10025

**State of New York - County of New York ss:**

Jorge L. Pagan, hereby affirms, deposes and says:

| | Tenant's Initials | |
|---|---|---|
| **1. Party** | | a) I am the tenant named as Respondent in the above summary proceeding.<br>b) I am the person claiming possession of these premises and am the _____ of the tenant named above. |
| **2. Defense/ Claim** | | I have been deprived of possession of the subject premises in the following manner:<br>A Invalid Citation that was used to begin to start this civil case<br>I have an Exhibit if needed |
| **3. Prior Order** | | a) I have not had a previous Order to Show Cause regarding this Index Number.<br>b) I have had a previous Order to Show Cause regarding this Index Number but I am making this further application because: As stated above an Invalid a Citation was used. when I stepped into Surrogate Court. the next day all the files were removed from the Docket 2022-4059 |
| **4. Request** | | Respondent requests that an Order to Show Cause be entered:<br>a) awarding and restoring the Respondent to possession of the subject premises and the issuance of a Warrant of Eviction forthwith, b) awarding treble damages following RPAPL 853, where appropriate, c) granting permission to serve these papers in person and d) such other relief as this Court deems proper. |

I affirm this _3_ day of _August_____, 20 _25_, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Printed Name: _Jorge Pagan_____          Signature: _____

19

FILED: NEW YORK CIVIL COURT - L&T 08/07/2025 10:36 AM    INDEX NO. LT-318738-24/NY [HO]

NYSCEF DOC. NO. 32                                                    RECEIVED NYSCEF: 08/07/2025

Civil Court of the City of New York
County of New York
Part: Part D, Room: 524
Date: August 8, 2025


#23

Index #: LT-318738-24/NY
Motion Seq #: 2

## Decision/Order

255 West 108 Corp.
        Petitioner(s)
  -against-
Jorge L. Pagan AKA George L Pagan
        Respondent(s)

Present: Clinton J. Guthrie
        Judge

Recitation, as required by CPLR 2219(A), of the papers considered in the review of this Motion for:
**awarding and restoring the respondent(s) to possession of the premises, placing the case on the calendar for trial on a day certain**

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion and Affidavits/Affirmations Annexed | |
| Order to Show Cause and *All Docs* Affidavits/Affirmations Annexed | 1 (NYSCEF 29) |
| Answering Affidavits/Affirmations | |
| Replying Affidavits/Affirmations | |
| Exhibits | |
| Stipulations | |
| Other *Opp Docs* | 2 (NYSCEF 30-31) |

20

Upon the foregoing cited papers, the Decision/Order in this Motion is as follows:

After argument on this OSC and considering the papers recited, the OSC is denied to the extent that respondent has not set forth an adequate basis to vacate the 2/13/25 stipulation of settlement or the judgment (see 20 Warren St. LLC v. Kumar, 2025 NY Slip 51036[U] [App Term, 2d Dept 2025] [citing Hallock v. State of New York, 64 NY2d 224, 230 [1984]). The stipulation was so-ordered by Judge Rubel and respondent acknowledges that it was allocuted by her on 2/13/25. Respondent does not set forth an adequate basis for restoration as he obtained the benefit of the stipulation (plus additional months thereafter before the eviction occurred). OSC solely granted to stay removal of personal property through 8/12/25. Access to be arranged through Super. All stays vacated after 8/12/25.

Date: 8/7/25

Generated: August 5, 2025

SO ORDERED - HON. CLINTON J. GUTHRIE
Judge, Civil/Housing Court

FILED: NEW YORK CIVIL COURT - L&T 01/23/2025 04:28 PM     INDEX NO. LT-318738-24/NY [HO]
NYSCEF DOC. NO. 10                                                    RECEIVED NYSCEF: 01/23/2025

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
------------------------------------------------------------X
255 West 108 Corp.,
                          Petitioner,

        -against-

Jorge L. Pagan (a/k/a George L. Pagan) (Subtenant);
John Doe and Jane Doe (Undertenants); and
Denise Petretti (a/k/a Denise Grabarnick) and
Ernest Petretti Jr. (Nominal Respondents),
                          Respondents.
------------------------------------------------------------X

**Index No.: LT-318738-24/NY**

**Petitioner's Affirmation
Motion to Amend Caption &
for Partial Summary Judgment**

**Motion Seq. No. 1**

## AFFIRMATION OF PETITIONER

The undersigned, Jan Jericho, under penalty of perjury, states the following:

1.      I am a competent person over the age of 18 years and a resident of New York State.  I

submit this affirmation in support of the Petitioner's motion for partial summary judgment

against the respondents Jorge L. Pagan ("Mr. Pagan"), John Doe, Jane Doe, Denise Grabarnick

("Denise"), and Ernest Petretti Jr. ("Ernest").

2.      The Petitioner, 255 West 108th Street Corp., owns a cooperative apartment building

located at 255 West 108th Street, New York, New York 10025 (the "Building").  I am the

President of the Petitioner's Board of Directors.

3.      The late Marie Petretti (the "Deceased") owned 38 shares of stock (the "Shares") in the

Petitioner and was the lessee under the proprietary lease (the "Lease") to Unit #2B in the

Building (the "Unit").

4.      On April 21, 2023, the Surrogate of New York County appointed the Public

Administrator as administrator of the Deceased's estate (the "Estate").  The Estate owns the

Shares.  The Public Administrator is holding onto the Shares and the Lease until the Shares can

be sold.

Page 1 of 2

21

5.    Mr. Pagan, and possibly others, currently occupy the Unit, without the Petitioner's permission or consent.  The Petitioner is unaware of how Mr. Pagan came to occupy the Unit. The Petitioner never approved Mr. Pagan's subtenancy or occupancy of the Unit.

6.    The Deceased was the sole owner of the Shares and the sole lessee under the Lease.  The Deceased's children, Denise and Ernest, were not shareholders of the Petitioner or lessees of the Unit.

7.    On May 3, 2024, the P.A. and the Petitioner entered into an agreement under which the P.A. assigned to Petitioner the right to recover possession of the Unit from the current occupants.

8.    I affirm this __22__ day of January, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____

Jan Jericho,
Board President, 205 West 108th Street Corp.

22

Page **2** of **2**