UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

Plaintiff,

v.

Jan Jericho, et al.,

Defendants.

Case No. 1:25-cv-06605-VSB-VF

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

---

**PRELIMINARY STATEMENT**

This case arises from the unlawful deprivation of Plaintiff's property rights, carried out without standing, without authority, and without lawful process. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Their motion fails as a matter of law.

The federal forum is open to redress constitutional violations under 42 U.S.C. § 1983, see Knick v. Township of Scott, 139 S. Ct. 2162 (2019), and Defendants cannot evade accountability by invoking defective state proceedings that were void ab initio.

# ARGUMENT

## I. Defendants' Motion Fails Under Rule 12(b)(1) Because They Lack Standing and Authority

Federal jurisdiction requires that Defendants demonstrate lawful standing to act. They have produced none. Under New York law, only those with statutory priority—such as a surviving spouse, children, or distributees—may petition for Letters of Administration (SCPA §§ 1001–1002). Defendant Amelia Ahne-Blume does not meet this threshold. Defendant Michael Giusto's Citation was unsigned, unsealed, and never docketed by the Surrogate's Court. Absent lawful standing, Defendants' actions are void ab initio and cannot invoke federal jurisdiction.

## II. Defendants' Reliance on Clerk-Signed Templates Fails to Establish Authority

Authority must flow from a judicial decree or statutory mandate. Defendants have produced only clerk-signed template PDFs, not orders issued by a judge under seal. Actions taken without authority are ultra vires and unenforceable. See Ex parte Lange, 85 U.S. 163, 176 (1873) ("An act beyond the jurisdiction of the court is void.").

### Additional Authority and Harms

The Supreme Court has recently reaffirmed that federal courts remain open to protect property rights against unconstitutional deprivations. See Tyler v. Hennepin County, 598 U.S. 631 (2023) (holding that government retention of property value without compensation constitutes a taking).

Jurisdiction is a threshold requirement, and the burden rests squarely on Defendants to demonstrate their lawful authority. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95 (1998). Here, Defendants have failed to do so, while Plaintiff has alleged concrete harms sufficient for Article III standing: she was unlawfully locked out, deprived of the use of her home, and continues to suffer daily damages traceable to Defendants' unauthorized acts.

### III. Process Was Defective From Inception and Cannot Confer Jurisdiction

Service on Plaintiff was defective. The Affidavit of Service described an individual not matching Plaintiff's age or appearance, rendering service void. Certified objections were lodged with defense counsel in January 2023, yet ignored. Jurisdiction cannot arise from defective process. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

### IV. Standing, Authority, and Process Failures Require Denial of Defendants' Motion

Defendants' filing is fatally defective under the three controlling requirements of jurisdiction. First, Standing: no lawful standing shown. Second, Authority: no judicial decree or statutory authorization. Third, Process: defective service from inception. Because Defendants fail on all three, their motion must be denied in its entirety.

Defendants' Motion to Dismiss must be denied because it rests on an inversion of burdens. Plaintiff has pled a valid claim under 42 U.S.C. § 1983 for deprivation of property without due process, which squarely invokes this Court's jurisdiction. See Knick v. Township of Scott, 139

S. Ct. 2162 (2019) (federal courts are open at all times for takings and due process claims). Defendants, by contrast, have failed to demonstrate their own lawful standing or authority to act. The Petition for Letters of Administration was filed by Amelia Ahne-Baum without statutory priority under SCPA § 1001; the "Letters of Administration" produced are clerk-signed templates, not judicial decrees; and no valid service was ever made. Defendants cannot cure lack of standing or jurisdictional defects by importing defective Surrogate's Court filings into federal court. See Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 293 (2005). Because Plaintiff has pled a cognizable claim and Defendants have not shown lawful authority to seek dismissal, their Rule 12(b)(1) and 12(b)(6) motion fails as a matter of law.

**V.** Defendants' motion relies almost entirely on counsel's statements and unauthenticated papers. But "statements of counsel in their briefs or argument, while enlightening to the Court, are not sufficient for purposes of granting a motion to dismiss or summary judgment." Porter Trinsey v. Pagliaro, 229 F. Supp. 647, 649 (E.D. Pa. 1964). Absent admissible proof of standing or authority under FRE 901, Defendants' filings cannot support dismissal.

Rule 12(b)(6) Standard

Defendants' Rule 12(b)(6) challenge also fails. Plaintiff has pled sufficient facts to state a plausible claim for relief under 42 U.S.C. § 1983, including the unlawful deprivation of property without due process of law. At this stage, the Court must accept Plaintiff's allegations as true and

draw all inferences in her favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff alleges concrete constitutional violations supported by specific facts—lack of standing, absence of lawful authority, and defective service—that more than satisfy the pleading threshold. Accordingly, dismissal under Rule 12(b)(6) is unwarranted.

Taken together, because Plaintiff has pled a valid constitutional claim under 42 U.S.C. § 1983 and Defendants have failed to establish lawful standing, authority, or proper service, their Motion to Dismiss must be denied in full under both Rule 12(b)(1) and Rule 12(b)(6).

To the extent Defendants contend that Plaintiff lacks standing, that argument fails. Under Article III, a plaintiff must show (1) an injury in fact, (2) fairly traceable to the defendant's conduct, and (3) likely to be redressed by a favorable decision. *Biden v. Nebraska*, 600 U.S. 477, 489 (2023). Here, Plaintiff has suffered a concrete injury—the unlawful deprivation of her property rights— caused by Defendants' unauthorized actions. Such a deprivation is a real and tangible harm, the kind the Supreme Court has recognized as sufficient to confer standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424–25 (2021). Because this Court has the power to redress that harm through § 1983 relief, Plaintiff has clearly established standing under Article III.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in full, and permit this action to proceed on the merits.

For the foregoing reasons, Defendants' Motion to Dismiss must be denied in full. Plaintiff has pled a cognizable constitutional claim under 42 U.S.C. § 1983, and Defendants have failed to establish standing, authority, or valid process as required under Rule 12(b)(1) and Rule 12(b)(6). Constitutional protections under the Supremacy Clause cannot be waived, ignored, or diminished by defective state procedures or adverse party conduct. Plaintiff retains her right to full due process and federal adjudication of her claims.

Dated: October 3rd, 2025

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro Se

Plaintiff