UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

Plaintiff,

v.

Jan Jericho, et al.,

Defendants.

Case No. 1:25-cv-06605-VSB-VF

## NO ABSTENTION APPLIES

Defendants' reliance on abstention is misplaced. Abstention is an extraordinary and narrow exception to the duty of federal courts to exercise the jurisdiction conferred upon them.

Defendants may attempt to invoke one or more abstention doctrines to suggest that this Court should defer to state-court proceedings. None of those doctrines apply here. This action is properly before the United States District Court under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as it asserts ongoing constitutional deprivations and color-of-law violations. The state proceedings they rely upon were void ab initio and never produced a valid judgment or decree.

1. Pullman Abstention (R.R. Comm'n v. Pullman Co., 312 U.S. 496 (1941)) applies only where resolution of an uncertain state-law question could eliminate the need for federal

constitutional review. The Surrogate's Court Procedure Act (SCPA) is not ambiguous; defendants simply ignored it. No unresolved state-law issue exists that could alter the federal due-process questions presented.

2. Younger Abstention (Younger v. Harris, 401 U.S. 37 (1971)) applies only when there is an ongoing, legitimate state proceeding implicating important state interests. Here, no such proceeding exists. The Surrogate's Court file (2022-4059) was never validly commenced or served, and any derivative housing action rests on that void record. Moreover, the bad-faith and patently unconstitutional exceptions to Younger independently bar its application.

3. Burford Abstention (Burford v. Sun Oil Co., 319 U.S. 315 (1943)) concerns specialized state administrative schemes. This case involves neither a state agency nor a complex regulatory system—only private and quasi-public actors who exceeded lawful authority. Federal adjudication will not disrupt any coherent state policy.

4. Rooker–Feldman Doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983)) bars federal review of a final state-court judgment. There is no such judgment here. Because the Surrogate's Court never acquired jurisdiction, there is nothing final for this Court to review. Plaintiff asserts independent federal claims, not an appeal of state proceedings.

Accordingly, none of the abstention doctrines divest this Court of jurisdiction. Federal review is both proper and necessary to remedy the ongoing deprivation of constitutional and property rights.

The federal judiciary has an unflagging obligation to exercise its jurisdiction where, as here, state processes have failed to provide any lawful adjudicatory foundation.

Dated: October 14, 2025

New York, New York

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro Se

Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025