UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

Plaintiff,

v.

Jan Jericho, et al.,

Defendants.

Case No. 1:25-cv-06605-VSB-VF

---

# PLAINTIFF'S DECLARATION REGARDING VOID PUBLIC ADMINISTRATOR APPOINTMENT

I, Denise Petretti, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

valid petition was ever filed in Surrogate's Court File No. 2022-4059 that could lawfully invoke the Court's jurisdiction over my mother's estate. The only petition produced was submitted by Amelia Ahne-Blume, a private third party with no familial relation to the decedent and no standing under SCPA § 1001.

The subsequent participation of the Public Administrator of New York County and the Board of Directors of 255 W. 108 Street Housing Corp. relied entirely on this void and unverified filing. No decree, Letters of Administration, or order bearing the Surrogate's seal or signature was ever

issued to authorize any transfer, eviction, or administrative action. Their involvement therefore lacked lawful authority and constituted an ultra vires act under SCPA §§ 1112–1118.

2. Because Amelia Ahne-Blume was not a spouse, child, distributee, or creditor, she lacked statutory standing to petition for Letters of Administration. Any petition she signed or caused to be filed was void ab initio and conferred no jurisdiction on the Surrogate's Court.

3. Under SCPA §§ 1112-1118, a Public Administrator may act only if ( a ) no known distributee exists or ( b ) all distributees renounce their rights. Neither condition was true. I was and am a known distributee who never renounced any right to my mother's estate.

This declaration concerns the actions of Amelia Ahne-Blume, the Board of Directors of 255 W. 108 Street Housing Corp., and the Office of the Public Administrator of New York County, each of whom acted without lawful statutory authority in initiating or relying upon defective Surrogate's Court filings concerning the estate of Marie Petretti.

4. Accordingly, any appointment or purported Letters issued to the Public Administrator were ultra vires and without legal effect. No lawful Decree of Appointment bearing the Surrogate's signature and seal has ever been produced.

5. Because the Public Administrator acted without a lawful petition or decree, every subsequent act — including the attempted transfer or control of my property — was executed without jurisdiction and under color of law. These acts constitute a deprivation of property and due process in violation of 42 U.S.C. § 1983.

6. The defendants were formally placed on notice of these jurisdictional defects in writing as early as 2023 and again on June 19, 2025. Despite those warnings, they continued to act as though a valid Surrogate's Court appointment existed.

7. For these reasons, the Public Administrator's participation in any estate or housing proceeding is null, void, and constitutionally unenforceable.

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 14, 2025

New York, New York

Respectfully submitted,

*Denise Petretti* (signature)

Denise Petretti, Pro Se

Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025