UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

Plaintiff,

v.

Jan Jericho, et al.,

Defendants.

Case No.: 1:25-cv-06605-VSB-VF

# PLAINTIFF'S NOTICE REGARDING DEFENDANTS' MISAPPLIED CASE LAW

Plaintiff Denise Petretti, appearing pro se, respectfully submits this Notice to clarify and correct Defendants' misapplication of case law in their Motion to Dismiss (ECF No. 44). Each cited authority concerns unrelated landlord-tenant or procedural matters that bear no resemblance to the present federal question concerning jurisdictional fraud, due process violations, and lack of statutory authority.

## I. Landlord-Tenant Precedents Are Inapplicable

Cases such as Altagracia Santana v. Gravagna and Brusco v. Braun involve landlord-tenant disputes under the Real Property Actions and Proceedings Law (RPAPL). Plaintiff is not a tenant, but a lawful heir and beneficiary of property wrongfully withheld through unverified and unauthorized Surrogate's Court actions.

The RPAPL applies to duly created leaseholds. No such leasehold exists here, and therefore these authorities are immaterial.

## II. Misplaced Federal Dismissal Cases

Defendants' reliance on Greenidge v. Baya Moving & Storage, Delarosa v. Serita, and similar §1983 dismissals is misplaced.

Those plaintiffs admitted lawful evictions and lacked any title or ownership rights. Here, Plaintiff challenges the deprivation of property and possessory rights without due process by parties who lacked jurisdictional authority from the outset.

## III. Surrogate's Court Authority Supports Plaintiff

In re Krolick and U.S. Bank Nat'l Ass'n v. Hawthorne, both cited by Defendants, affirm that standing and jurisdiction must be supported by verified petitions and admissible documentary proof.

Defendants have presented no certified decree, seal, or Surrogate's signature under SCPA §§ 1001–1003 or §§ 306–307.

Their filings therefore carry no legal force and cannot sustain dismissal.

## IV. Conclusion

Defendants' cited authorities do not rebut Plaintiff's verified claims nor establish any lawful justification for their conduct. Accordingly, Plaintiff respectfully requests that the Court disregard these misapplied citations and proceed upon the governing statutory and constitutional provisions already presented in the record.

To the extent Defendants rely upon Altagracia Santana v. Gravagna, Pownall v. S. Realty, Harte v. City of New Rochelle, or Jean v. HRA, such authorities are wholly inapposite.

Each of those cases involves dismissals of pro se complaints for failure to allege any state action or constitutional deprivation.

Here, by contrast, Plaintiff alleges and evidences joint participation between private parties and entities acting under color of law, in direct violation of 42 U.S.C. § 1983 and the Fourteenth Amendment's Due Process Clause.

Moreover, those cases concern procedural sufficiency, not jurisdictional authority or defective estate filings under the SCPA.

Accordingly, none of Defendants' cited cases provide controlling or persuasive authority in this matter.

Dated: October 14, 2025

New York, New York

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro se

Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025