UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

Plaintiff,

v.

Jan Jericho, et al.,

Defendants.

Case No. 1:25-cv-06605-VSB-VF

## PLAINTIFF'S NOTICE CLARIFYING STATUTORY DEFECTS IN DEFENDANTS' ESTATE FILINGS UNDER THE SCPA

Plaintiff respectfully submits this Notice to clarify for the Court the statutory requirements under the New York Surrogate's Court Procedure Act ("SCPA") governing the issuance of Citations, Petitions for Letters of Administration, and Decrees or Letters of Appointment.

This clarification is provided in response to Defendants' reliance on defective or uncertified estate filings and is intended to assist the Court in assessing their legal insufficiency.

The elements described below are not procedural formalities but jurisdictional prerequisites under the SCPA. Any action taken absent full compliance renders the proceeding *void ab initio*, depriving the Surrogate's Court — and any derivative actor — of lawful authority.

Defendant Michael Giusto purported to issue and serve a Surrogate's Court Citation in connection with File No. 2022-4059.

## I.    Michael Giusto — Filing a Citation

Governing Law: SCPA §§ 306–307, 401–402; Matter of Marcus, 168 A.D.2d 445 (2d Dep't 1990).

Requirements:

1. Issued only by the Surrogate's Court — no private individual may self-issue a Citation.

2. Must be based on a valid Petition (e.g., Petition for Probate or Administration).

3. Must bear the Court Seal and Surrogate's signature.

4. Must be served personally or by substituted service in compliance with SCPA § 307.

5. Proof of service must be filed by affidavit before any decree can issue.

If Michael issued, signed, or served it himself without Surrogate authorization, it is *void ab initio* (jurisdictionally defective).

Without a pending Petition, a Citation cannot exist in law.

Defendant Amelia Ahne-Blume submitted a Petition for Letters of Administration in the same

matter, without any lawful standing or required consents.

## II.    Amelia Ahne-Blume — Petition for Letters of Administration

Governing Law: SCPA §§ 1001–1003, 1301; EPTL 5-4.1 to 5-4.6; Matter of Estate of Pessoni,
11 A.D.3d 476 (2d Dep't 2004).

Requirements:

1.  Standing: Only a lawful distributee may petition (SCPA § 1001).
2.  Filing must include:

   • Certified death certificate;

   • Affidavit identifying all distributees;

   • Oath and Designation of proposed administrator;

   • Waivers and Consents from those of equal or prior right;

   • Required filing fee.

3.  Court issues a Citation to any person who has not waived service.

4.  Letters issue only after proof of notice and a signed Decree by the Surrogate.

If Amelia filed without waivers, authority, or distributee status, the Petition is defective and

cannot produce valid Letters.

Defendant Staci Levine, acting as Public Administrator, engaged in estate-related conduct without a valid Decree of Appointment from the Surrogate.

## III.    Staci A. Graber (Public Administrator) — Decree or Letters

Governing Law: SCPA §§ 1112–1118, 1206; Matter of Stortecky v. Mazzone, 85 N.Y.2d 518 (1995).

Requirements:

1.  A Public Administrator acts only if:

    • No known distributee exists, or

    • All distributees renounce or are disqualified.

2.  Must file:

    • Verified Petition stating estate details;

    • Affidavit of diligent search for heirs;

    • Bond (if required);

    • Decree of Appointment signed and sealed by the Surrogate.

3.  Without a Surrogate's Decree, any "Letters" or administrative acts are void.

Any document missing the Surrogate's signature or raised seal, or showing altered fonts or inconsistent text, is not a certified judicial act.

Michael (Citation)

    • Required Legal Basis:    SCPA §§ 306–307

- Key Documents:   Court-issued Citation

- Must Be Signed / Certified:   Yes — seal + signature

- **Common Defects:**   Unauthorized issuance or no petition


Amelia (Petition)

- Required Legal Basis:   SCPA §§ 1001–1003

- Key Documents:   Death certificate, waivers, oath

- Must Be Signed / Certified:   Yes — verified filing

- **Common Defects:**   Not a distributee / no waivers


Staci (Public Administrator)

- Required Legal Basis:   SCPA §§ 1112–1118

- Key Documents:   Decree of appointment, bond

- Must Be Signed / Certified:   Yes — seal + decree

- **Common Defects:**   Acting without Surrogate's decree


Because each of these actions was undertaken without jurisdictional authority, any subsequent

reliance on these documents in this federal proceeding violates the evidentiary standards of Fed.

R. Evid. 901 (authentication) and constitutes a void act as a matter of law.

## Conclusion

Under New York's SCPA, no person may act for an estate without a certified Decree or Letters issued by the Surrogate's Court.

Absent these statutory prerequisites, any Citation, Petition, or administrative act purporting to transfer or control estate property is null, void, and without legal effect.

Defendants have invoked statutes such as SCPA §§ 306, 307, 1001, and 1112, yet have failed to produce a single certified document showing compliance with those same provisions. Their reliance on statutory citations, without the corresponding decrees, waivers, or Letters required by those statutes, renders their filings self-contradictory and jurisdictionally void. Until certified proof is produced, their asserted authority remains unsubstantiated in both fact and law.

Dated: October 14, 2025

Filed pursuant to Fed. R. Civ. P. 7(b)(1)

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro Se

Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025