UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti

Plaintiff

v.

Jericho, et al.,

Case No. 1:25-cv-06605-VSB-VF

---

# PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (BOARD AND AHNE-BLUME)

## I. INTRODUCTION

Defendants' Motion to Dismiss ("MTD") recycles jurisdictionally void arguments previously advanced in related filings and fails to confront the central defect that no valid Surrogate's Court judgment exists to support their purported authority. Their reliance on inapposite precedent, unsupported factual assumptions, and conclusory statements cannot substitute for the statutory prerequisites that New York law mandates for any valid estate administration.

---

## II. PROCEDURAL BACKGROUND

1. Plaintiff commenced this action to redress the unlawful deprivation of property and due process arising from unauthorized estate actions initiated by private parties without judicial authority.

2. On October 1, 2025, Defendant Sylvia Tsai filed a Motion to Dismiss, followed on October 14, 2025, by the instant Motion from counsel for the Board Defendants and Amelia Ahne-Blume.

3. On October 3, 2025, Plaintiff filed a Motion to Strike, identifying multiple procedural defects, including the absence of certified or verified authority supporting Defendants' actions.

4. To date, no Defendant has produced a certified decree, order, or court seal validating their purported authority under the SCPA.

## III. NO VALID STATE JUDGMENT EXISTS — ROOKER-FELDMAN DOES NOT APPLY

The Rooker-Feldman doctrine applies only to final state-court judgments issued by courts of competent jurisdiction. Here, Defendants have provided no signed decree, seal, or certified order from the Surrogate's Court of New York County.

Because no such judgment exists, there is no state-court determination for this Court to "review." See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The absence of any lawful state judgment renders their jurisdictional argument void ab initio.

## IV. DEFENDANTS' ACTIONS WERE ULTRA VIRES UNDER THE SCPA

Amelia Ahne-Blume, Michael Giusto, and Staci A. Graber (Public Administrator) each acted outside statutory bounds:

- Ahne-Blume lacked standing under SCPA § 1001 to file any Petition for Letters of Administration.
- Giusto had no authority under SCPA §§ 306–307 to issue or serve a Citation.
- Graber could not lawfully act as Administrator absent a duly executed Decree under SCPA §§ 1112–1118.

No Defendant has produced the mandatory documents or certifications. Without statutory compliance, each action is ultra vires and void.

## V. DEFENDANTS' RULE 12(b)(6) ARGUMENTS FAIL

An MTD cannot test the truth of factual allegations. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).

All well-pleaded facts must be accepted as true. Unger v. Nat'l Residence Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991).

Defendants' assertions rely on disputed facts and omissions—improper grounds for dismissal.

Plaintiff's Complaint sufficiently alleges deprivations of constitutional and property rights, satisfying Twombly and Iqbal.

## VI. PRIVATE ACTORS MAY BE LIABLE UNDER § 1983

When private parties invoke state power through misuse of judicial or administrative procedures, they act "under color of law." Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

Here, Defendants jointly utilized defective surrogate instruments to dispossess Plaintiff of property, satisfying the nexus required for § 1983 liability.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied in its entirety, that jurisdiction be retained, and that Defendants be directed to file certified evidence of their purported authority under the SCPA or face appropriate sanctions.

Dated: October 16, 2025

Respectfully submitted,

*Denise Petretti*

Denise Petretti

Pro Se Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025