UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DENISE PETRETTI,

Plaintiff,

v.

JERICHO, et al.,

Defendants.

2025 OCT 16 AM 10: 27
RECEIVED
SDNY PRO SE OFFICE

Case No.: 1:25-cv-06605-VSB-VF

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

**I. INTRODUCTION**

The timing and content of Defendants' second Motion to Dismiss only confirm the procedural and evidentiary void at the core of their position. After more than two weeks of silence, Defendants have produced no certified proof of standing, no decree, and no statutory authority under the Surrogate's Court Procedure Act supporting their prior actions. Instead, they rely on generalized Rule 12(b) case law wholly unrelated to the jurisdictional defects and verified facts at issue. This motion is a transparent effort to delay judicial review and avoid discovery into their

unlawful conduct. Each filing by Plaintiff has been supported by statutory citations and factual verification; Defendants have answered with nothing but conclusory arguments and inapposite precedent. Their continued inability to meet even the minimal threshold of evidentiary compliance underscores that dismissal is not warranted—accountability is.

## II. FEDERAL JURISDICTION IS CLEARLY ESTABLISHED

This case arises from deprivations of property and rights under color of law. Federal jurisdiction is proper under 28 U.S.C. § 1331, which grants district courts original jurisdiction over actions arising under federal law. The Complaint states a claim under 42 U.S.C. § 1983, and the factual allegations—acts carried out through Surrogate's Court filings, eviction efforts, and misuse of public authority—satisfy the "state action" requirement recognized in Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

Defendants' reference to § 1332 (diversity) and § 1257 (Supreme Court review of state judgments) are irrelevant, as no diversity basis is alleged and there is no final state-court judgment subject to review.

## III. DEFENDANTS HAVE NOT PRODUCED CERTIFIED SURROGATE'S COURT ORDERS

Defendants repeatedly reference an alleged "Surrogate's Court ruling" without submitting any certified order, decree, or judgment bearing the Surrogate's signature or seal. Pursuant to SCPA

§§ 203, 306–307, and 1001, a valid estate action requires a verified petition, a citation issued by the court, and a decree or letters under seal. No such certified record exists.

Without an authenticated Surrogate's Court determination, Defendants cannot invoke doctrines such as res judicata or Rooker-Feldman. Assertions of prior adjudication are therefore unsupported and legally ineffective.

### IV. MISAPPLICATION OF PROCEDURAL RULES AND STATUTES

Defendants' reliance on procedural statutes is misplaced:

- Fed. R. Civ. P. 12(b)(1) and 12(h)(3): Jurisdiction is proper under § 1331; these rules provide no basis for dismissal.

- Fed. R. Civ. P. 12(b)(6): Plaintiff's allegations are presumed true at this stage (Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); factual disputes cannot be resolved on a motion to dismiss.

- 28 U.S.C. § 1257: No final state-court judgment exists to bar this Court's review.

- 42 U.S.C. § 1983: Defendants acted jointly with public entities and through judicial process, constituting state action under Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001).

- 28 U.S.C. § 1391: Venue is proper in the Southern District, where all relevant events occurred.

## V. COUNSEL'S MISREPRESENTATION OF RECORD AUTHORITY

- Defendants' counsel has referenced a purported "Surrogate's Court ruling" as though it were a matter of record before this Court. Yet no certified decree, order, or authenticated docket entry from the Surrogate's Court has been filed, cited, or otherwise placed into evidence.

- Counsel is respectfully reminded that under Fed. R. Civ. P. 10(c) and Fed. R. Evid. 902(1), any written instrument or judicial act forming the basis of a pleading or motion must be attached in certified form. Counsel's statement, unsupported by a certified Surrogate's Court record, constitutes either reliance on hearsay or a mischaracterization of a record that does not exist.

- Plaintiff respectfully requests that counsel review the filings already on record in this action—specifically Plaintiff's previously filed opposition and declarations requiring certified evidence.

## VI. Constructive Possession Without Jurisdiction and the Absence of a Valid Public Administrator Appointment

Despite defendants' assertions of lawful authority, Plaintiff's personal property remains inside the premises located at 255 West 108th Street. This undisputed fact demonstrates that defendants' claimed "possession" is, at best, partial and procedurally defective.

Under both New York property law and fundamental due-process principles, a party that lawfully regains possession must either (a) return all personal property to its rightful owner or (b) proceed through a court-authorized removal process supported by a valid judgment and writ of possession. Defendants have done neither. Their continued control over Plaintiff's belongings—without a certified judgment, decree, or writ authorizing such retention—constitutes constructive possession without jurisdiction.

Defendants may attempt to shift responsibility for the continued control of Plaintiff's property to the New York County Public Administrator ("PA"). That argument only amplifies the jurisdictional defect. Under SCPA §§ 1112–1118, a Public Administrator's authority arises solely from a Decree of Appointment issued and sealed by the Surrogate's Court. No such certified decree has ever been produced or filed in this case. Absent that decree, the PA lacks any lawful jurisdiction to retain or manage property belonging to the decedent's estate.

Accordingly, whether possession is claimed by the Board, by any individual defendant, or by the PA, the result is the same: continued retention of Plaintiff's personal property without a certified judicial order constitutes an unlawful exercise of authority under color of law. The Court should view this as direct evidence that defendants' asserted authority was never complete, never lawful, and remains unsupported by any certified judicial act.

---

## VII. CONCLUSION

Defendants' Motion to Dismiss fails to establish lack of jurisdiction or failure to state a claim. Plaintiff has alleged sufficient facts under federal law and demonstrated ongoing deprivation of rights under color of law. Accordingly, the Motion to Dismiss should be denied in its entirety.

Dated: October 16, 2025

New York, New York

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro Se

Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025