UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti

Plaintiff

v.

Jericho, et al.,

Case No. 1:25-cv-06605-VSB-VF

# PLAINTIFF'S SUPPLEMENTAL CLARIFICATION REGARDING STATE ACTION AND FEDERAL JURISDICTION

Purpose:

To directly rebut Defendants' assertion (Doc. 52-1, p. 5) that (1) none of the defendants are state actors, (2) Plaintiff's case was "heard and decided" in Surrogate's Court, and (3) this Court lacks subject-matter jurisdiction.

## I. Defendants Acted Under Color of State Law

1. Private parties become state actors when they invoke state judicial machinery to deprive property rights.

    • Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

- Dennis v. Sparks, 449 U.S. 24 (1980).

2. By initiating and enforcing an eviction through state processes—Surrogate's Court filings, NYPD enforcement threats, and Marshal notices—Defendants jointly participated with state officials and thus acted under color of law for purposes of 42 U.S.C. § 1983.

## II. No Final State Judgment Bars This Action

1. Defendants cite a "decision" of the Surrogate's Court, yet have produced no certified decree, order, or sealed judgment establishing jurisdiction or finality.

2. Under Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), the Rooker–Feldman doctrine applies only when a final state-court judgment exists.

   → Absent such a judgment, this Court retains full federal jurisdiction.

## III. Federal-Question Jurisdiction Exists

1. This action arises under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, conferring jurisdiction independently of diversity.

2. Defendants' reliance on Rule 12(b)(1) therefore fails as a matter of law.

## III-A. Clarification Regarding Jurisdictional Basis

Plaintiff respectfully clarifies that this action does not rely upon diversity jurisdiction under 28 U.S.C. § 1332.

Jurisdiction in this matter properly arises under 28 U.S.C. §§ 1331 and 1343(a)(3), as the claims presented stem directly from violations of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

Defendants' reliance on arguments pertaining to diversity jurisdiction is therefore misplaced and legally irrelevant.

Federal-question jurisdiction exists independently where, as here, Plaintiff alleges that Defendants, acting under color of state law and through misuse of judicial process, deprived her of constitutionally protected property and due process rights.

Accordingly, the Court's subject-matter jurisdiction is properly invoked under the above federal provisions, and Defendants' Rule 12(b)(1) arguments must be denied as inapplicable.

**IV. Plaintiff's Complaint States a Valid Claim**

1. At the motion-to-dismiss stage, all well-pleaded allegations must be accepted as true.
    - Sturm v. Clark, 835 F.2d 1009 (3d Cir. 1987).
    - Unger v. National Resident Matching Program, 928 F.2d 1392 (3d Cir. 1991).
2. The Complaint alleges deprivation of property without due process, identifying specific acts by named defendants. These allegations satisfy Rule 8(a) and Rule 12(b)(6) standards.

## V. Conclusion

Defendants' Motion to Dismiss (Doc. 52-1) fails on both jurisdictional and substantive grounds. Plaintiff respectfully requests that the Court deny the motion in its entirety and allow discovery to proceed.

Dated: October 16, 2025

New York, New York

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro Se Plaintiff

255 W. 108 Street, Apt. 2B

New York, NY 10025