UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENISE PETRETTI,

                Plaintiff,

      - against -

JAN JERICHO, *et al.*,

                Defendants.
------------------------------------------------------------X

25-CV-6605 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On August 11, 2025, pro se Plaintiff filed a Complaint alleging a violation of due process under the Fourteenth Amendment and unlawful seizure and deprivation of property. (Doc. 1 ("Compl.").) Plaintiff's claims seek to challenge eviction proceedings against her arising out of the administration of an estate[1] in New York State Surrogate's Court. (*Id.*) On the same day Plaintiff filed the Complaint, she moved for an emergency ex parte temporary restraining order ("TRO"), seeking to restore Plaintiff to her former residence or stay enforcement of the eviction and removal of property. (Doc. 3.) This case was assigned to me on August 13, 2025. On August 14, 2024, I issued an order ("August Order") denying Plaintiff's motion for a TRO on the basis that Plaintiff cannot show that she stands to suffer irreparable harm or that there are sufficiently serious questions going to the merits of her underlying claims. (Doc. 6.)

On August 15, 2025, Plaintiff moved for reconsideration of the August Order. (Doc. 9.) On September 3, 2025, Plaintiff again moved for an emergency TRO. (Doc. 16.) For the

---

[1] Plaintiff seems to indicate both that the residence at issue is part of her late husband's estate, (*see* Compl. at 3), and that it is part of her mother's estate, (*see* Doc. 17 at 1–3). This is not material to either motion addressed herein.

reasons that follow, Plaintiff's motion for reconsideration and motion for an emergency TRO are DENIED.

### I. Motion for Reconsideration

#### A. *Legal Standard*

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks omitted). Rather, a motion for reconsideration can be granted "only in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Pro se complaints are afforded "special solicitude" and must be interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted). Even still, pro se litigants are "obligated to comply with the relevant rules of procedural and substantive law." *Doe v. Torres*, No. 05-CV-3388, 2006 WL 290480, at *3 (S.D.N.Y. Feb. 8, 2006); *see also Zietek v. Pinnacle Nursing &*

*Rehab Ctr.*, No. 21-CV-5488, 2022 WL 624881, at *1 (S.D.N.Y. Mar. 2, 2022) (noting that pro se plaintiffs are "required to inform themselves regarding procedural rules and to comply with them" in moving for reconsideration (quoting *Azkour v. Haouzi*, No. 11-CV-5780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012))); *Turner v. Naphcare*, No. 19-CV-412, 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020) (same).

### B. *Discussion*

Plaintiff moves for reconsideration of the August Order under Local Civil Rule 6.3 on the grounds that "the Court misapplied the Rooker-Feldman doctrine and overlooked the ongoing, imminent, and irreparable harm she faces from an eviction and loss of property." (Doc. 9 at 1.)

The contention that I misapplied the *Rooker-Feldman* doctrine cannot justify reconsideration because "mere disagreement with the Court's legal determination is not a valid basis for reconsideration." *E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010). Even if such disagreement was a basis for reconsideration, Plaintiff does not demonstrate that I misapplied the doctrine. Plaintiff points out that "*Rooker-Feldman* applies only to final state-court judgments." (Doc. 9 at 2.) I agree. The August Order was clear that *Rooker-Feldman* bars federal courts from "reviewing final judgments of state courts" and "[a]lthough Plaintiff does not provide documentation of the Surrogate's Court proceedings, her allegations suggest that . . . she lost in Surrogate's Court." (Doc. 6 at 2–3.) Plaintiff fails to rectify a fatal flaw in any argument that she would succeed on the merits that I identified in the August Order, namely that without documentation of the Surrogate's Court proceedings, or at a minimum detailed allegations about the dates and substance of each Surrogate's Court proceeding, I cannot assess with any degree of certainty whether there is a final judgment in state court, and thus how and whether the *Rooker-Feldman* doctrine applies to this case. In other words, despite my

pointing out the need for documentation of the Surrogate's Court proceedings to be filed in this case, Plaintiff failed to file any such documents, beyond a "Docket Screenshot" of proceedings in Surrogate's Court (Doc. 21 Exs. A–B), and a decree appointing an administrator that Plaintiff claims is deficient, (*id.* Ex. C). Neither of these is a sufficient predicate to call into question the finding from the August Order that "Plaintiff has already been evicted," and thus the harm she seeks to remedy "has already occurred." (Doc. 6 at 2.)

Furthermore, the fact that eviction proceedings are ongoing, (*see* Doc. 9 at 2 ("Rooker-Feldman applies only to final state-court judgments. Here, the eviction process is still active.")), does not demonstrate that there is not a final state-court judgment. To the contrary, the fact that the eviction is underway suggests that the Surrogate's Court made a final determination regarding the estate at issue. *See Rossman v. Stelzel*, No. 11-CV-4293, 2011 WL 4916898, at *4 (E.D.N.Y. Oct. 13, 2011) ("[C]ourts within this Circuit routinely hold that a federal court action seeking to overturn a state court judgment of foreclosure or eviction is barred by the *Rooker-Feldman* doctrine." (citing *Pharr v. Evergreen Garden, Inc.*, 123 Fed. App'x. 420, 423 (2d Cir. 2005))); *see also Concepcion v. Westchase Residential Assist II LLC*, No. 15-CV-5679, 2016 WL 8711344, at *2 (E.D.N.Y. Sept. 30, 2016) (same).

Plaintiff also argues that *Rooker-Feldman* is inapplicable because the New York Surrogate's Court never properly acquired jurisdiction. Plaintiff fails to allege "specific facts" supporting this allegation, *see* Fed. R. Civ. P. 65(b)(1)(A), much less assert the "availability of new evidence" on that issue, *see Ethridge*, 49 F.4th at 688 (quoting *Kolel Beth Yechiel Mechil*, 729 F.3d at 104). There are no grounds to reconsider the August Order on the basis that the Surrogate's Court lacked jurisdiction, or the judgment is "void ab initio". (*See* Doc. 9 at 3.) If anything, it is possible that I lack jurisdiction to hear this case. *See Marshall v. Marshall*, 547

4

U.S. 293, 311–12 (2006) ("[T]he probate exception [to federal jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."); *Bartolini v. Mongelli*, No. 17-CV-6276, 2018 WL 6333827, at \*8 (E.D.N.Y. Nov. 7, 2018) ("[A]sk[ing] this Court to issue an injunction that amounts to the administration of a probate matter [in New York Surrogate's Court] . . . is at the heart of a state court's probate jurisdiction, and within the exception to federal subject matter jurisdiction"), *report and recommendation adopted as modified*, No. 17-CV-06276, 2018 WL 6338771 (E.D.N.Y. Dec. 4, 2018).

Finally, Plaintiff moves for reconsideration on the grounds that I overlooked ongoing, imminent, and irreparable harm she faces from eviction and loss of property. (Doc. 9 at 1–2.) The August Order relied on Plaintiff's own allegations that the eviction either had occurred on August 7, 2025 or August 12, 2025, but either way had already occurred and was no longer imminent. (*See* Doc. 6 at 1 – 2 (*comparing* Compl. at 4 (noting that on August 5, 2025, a City Marshal changed the locks on Plaintiff's residence and gave her thirty minutes to remove limited belongings), *with* Doc. 3 at 1 (seeking to "halt enforcement of an eviction and removal of property scheduled for August 12, 2025").) Plaintiff's motion for reconsideration does not introduce "specific facts" showing that the eviction is imminent. Instead, Plaintiff makes general claims such as "[t]he eviction process remains active, with removal of Plaintiff's personal property imminent." (Doc. 9 at 1.) Such generalities do not warrant the "extraordinary remedy" of reconsideration. *See Yudong Zhu*, 41 F. Supp. at 342. Here, again, Plaintiff could have provided probative documents related to the state court proceedings that would have supported irreparable harm but failed to do so.

5

In any event, either the lack of irreparable harm finding or the merits finding would independently sustain the August Order. *See Bragg v. Jordan*, 669 F. Supp. 3d 257, 267, 267 n.5 (S.D.N.Y. 2023) ("Where a party seeking a temporary restraining order fails to establish a likelihood of success on the merits, 'there is no need to address the other prongs of the analysis.'" (quoting *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011))); *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019) ("[I]f a party fails to show irreparable harm, a court need not [ ] address the remaining elements."). Plaintiff's motion for reconsideration is DENIED.

## II. Motion for Emergency TRO

### A. *Legal Standard*

Under Rule 65, a court may issue an ex parte TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). To obtain a temporary restraining order, the moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted); *see AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction."). "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trs. for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Freedom Holdings, Inc. v.*

*Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citation omitted)). "Thus, if a party fails to show irreparable harm, a court need not [ ] address the remaining elements." *Coscarelli*, 364 F. Supp. 3d at 221.

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman*, 470 F.3d at 474 (internal quotation marks omitted). "Nonetheless, a pro se plaintiff seeking a temporary restraining order or a preliminary injunction still must demonstrate that extraordinary and drastic relief is warranted." *Grecia v. Brass Lion Ent., Inc.*, No. 25-CV-1484, 2025 WL 1626453, at *2 (S.D.N.Y. Mar. 3, 2025) (internal quotation marks omitted).

### B. *Discussion*

Plaintiff's motion for a temporary restraining order fails because she does not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff claims that "eviction and disposal of Plaintiff's property are actively being prepared and are imminent," (Doc. 16 at 2), yet her own submissions contradict this by indicating that Plaintiff has already been evicted. Plaintiff's TRO motion states:

> On August 27, 2025, [a] Marshal . . . entered Plaintiff's apartment accompanied by several others. He surveyed the contents of the residence and changed the locks on the front door. Plaintiff was allowed only thirty (30) minutes to enter and remove what she could.

This description of events indicates that Plaintiff was evicted on August 27, 2025.[2] Plaintiff's declaration in support of her TRO adds that "[a]s a result of the eviction process and the sudden

---

[2] I note that this is in tension with Plaintiff's Complaint, which states that on August 5, 2025, a City Marshal changed the locks on Plaintiff's residence and gave her thirty minutes to remove limited belongings, (Compl. at 4), as well as with Plaintiff's first TRO motion, which sought to "halt enforcement of an eviction and removal of property scheduled for August 12, 2025," (Doc. 3 at 1). However, no matter the date the eviction occurred, the weight of the evidence supports the finding that the eviction has already happened.

loss of access to my home and belongings, I have suffered increased PTSD symptoms and frequent heart palpitations." (Doc. 18 at 2.) As Plaintiff has already "lost [] access to [her] home and belongings," Plaintiff's eviction has already occurred. *See Evict*, Black's Law Dictionary (12th ed. 2024) (defining "evict" as "[t]o expel (a person, esp. a tenant), from real property, usu. by legal process" or to "put out"); *see also Eviction*, New York City Housing Court, https://ww2.nycourts.gov/courts/nyc/housing/eviction.shtml ("An eviction is the removal of a tenant and his or her personal belongings from an apartment."). "A finding of irreparable harm cannot be based solely on past conduct." *Bradshaw v. Phillip*, No. 9:21-CV-776, 2022 WL 504976, at *4 (N.D.N.Y. Feb. 18, 2022). Thus, Plaintiff does not "clearly show" that she will suffer "immediate and irreparable injury" in the form of an eviction before the adverse parties can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff also indicates that she stands to suffer irreparable harm because some of her property remains inside the home to which she lost access, including her winter clothing, her father's death certificate, and her own birth certificate. (Doc. 16 at 2.) However, Plaintiff does not allege any "specific facts" indicating that her property will be imminently destroyed. *See* Fed. R. Civ. P. 65(b)(1)(A). Typically, either the Marshal executing the eviction warrant or the landlord would be required to inventory the property of an evicted tenant and give them an opportunity to claim it. *See Facey v. Johnson*, 17 N.Y.S.3d 619, 622–23 (N.Y. Civ. Ct. 2015) (describing various eviction procedures under New York law). There is no reason to believe that such a procedure will not be followed here.

Plaintiff does not allege "specific facts" demonstrating that, absent a TRO, she stands to suffer irreparable harm in the immediate future. Fed. R. Civ. P. 65(b)(1)(A). Accordingly, Plaintiff cannot meet the standard for irreparable harm set out in Rule 65, which is necessary to

award the "extraordinary remedy" of an ex parte TRO. *See Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (discussing preliminary injunctions). Plaintiff's motion for a temporary restraining order is DENIED.

### III. Conclusion

Plaintiff's motion for reconsideration of the August Order is DENIED. Plaintiff's motion for a TRO is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 9 and 16.

SO ORDERED.

Dated: November 20, 2025
      New York, New York

_____
Vernon S. Broderick
United States District Judge