UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2025 NOV 17 AM 10: 46

Denise Petretti,

*Plaintiff*,

v.

Jan Jericho, et al.,

*Defendants*.

**Case No. 1:25-cv-06605-VSB-VF**

PLAINTIFF'S NOTICE REQUESTING JUDICIAL RULING

1. On October 1, 2025, Defendant Sylvia filed a Motion to Dismiss, pro se, despite being represented by legal counsel. This is procedurally improper under Federal Rule of Civil Procedure 11(a), which requires that filings be signed by counsel when a party is represented.

2. On October 13, 2025, counsel for Defendants Board of Jericho and Amelia Ahne filed a second Motion to Dismiss.

3. Plaintiff submitted timely and comprehensive rebuttals to both Motions to Dismiss by October 17, 2025.

4. Defendants have:
    - Failed to respond to Plaintiff's Good Faith Settlement Offer sent on October 29, 2025, which included clear terms for resolution;
    - Failed to rebut Plaintiff's factual statements and arguments contained in the rebuttal;
    - Failed to file certified documents, evidence of legal authority, or jurisdictional standing to support the Motion to Dismiss.
    - Failed to submit a single certified document, affidavit, or verified statement to support their claims — a requirement under Fed. R. Evid. 901 and related standards for evidentiary authenticity in federal proceedings, which is essential for documents to be considered admissible in support of dispositive motions such as a Motion to Dismiss or Summary Judgment.

5. Pursuant to Local Civil Rule 6.1(b) (S.D.N.Y.), any reply must be served within seven (7) days after service of the opposition. More than thirty (30) days have passed since Plaintiff's rebuttals, and no reply or additional filing has been submitted by Defendants.

6. Under Federal Rule of Civil Procedure 12 and Local Civil Rule 7.1(b), the motion is now fully briefed and ripe for decision. No conference has been requested or ordered, and no further submissions are pending.

7. Accordingly, Plaintiff respectfully requests that the Court issue a ruling on the pending Motions to Dismiss, as the record reflects full briefing and a lack of responsive submissions from the Defendants.

8. Plaintiff notes that although Defendants claim possession was lawfully transferred via eviction on August 4, 2025, the apartment has not been emptied of Plaintiff's personal belongings to this day. This contradicts standard legal procedure following a lawful eviction and supports Plaintiff's argument that the Defendants lacked lawful authority or failed to follow due process. The continued presence of Plaintiff's property further reflects that the underlying claim to possession was unlawful or procedurally flawed.

9. Plaintiff further clarifies that at no point were any personal belongings abandoned. In response to Defendants' attempt to elicit a binary 'Yes or No' reply regarding removal of items — Plaintiff unequivocally asserted full and continued ownership of all personal property. Plaintiff did not consent to abandonment or waive any rights. The Defendants were advised of this position in writing, and therefore lack legal basis to claim abandonment or dispose of any items.

Plaintiff also notes that a Temporary Restraining Order (TRO) was properly filed on September 19, 2025, and remains pending without ruling.

Dated: November 17, 2025

Respectfully submitted,

*Denise Petretti*

Denise Petretti, Pro Se

Plaintiff