UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DENISE PETRETTI,

Plaintiff,

v.

JERICHO, et al.,

Defendants.

Case No. 1:25-cv-06605 (VSB)(VF)

---

PLAINTIFF'S FORMAL OBJECTION AND MOTION TO STRIKE DEFENDANTS'

UNTIMELY "AFFIRMATION IN REPLY"

---

COMES NOW Plaintiff Denise Petretti, proceeding pro se, and respectfully submits this Formal Objection and Motion to Strike Defendants' Affirmation in Reply (ECF No. 62) as untimely and procedurally improper under Local Civil Rule 6.1(b) and Fed. R. Civ. P. 12(f).

Introductory Statement:

Plaintiff respectfully moves to strike Defendants' "Affirmation in Reply" (ECF No. 62) as untimely under applicable procedural rules and prejudicial in effect. The filing blatantly violates the mandated response time set forth by this Court's Local Civil Rules and the Federal Rules of Civil Procedure, and was submitted without leave of Court or explanation.

Timeline of Procedural History:

• October 13, 2025 – Defendants filed their Motion to Dismiss. (ECF No. 52)

• October 17, 2025 – Plaintiff filed a timely Affirmation in Opposition. (ECF No. 59) relying on finality...

• October 24, 2025 – Last day for Defendants to file a reply under Local Rule 6.1(b).

• November 17, 2025 – Defendants filed their "Affirmation in Reply" — 24 days late.

Governing Procedural Rules:

• *Local Civil Rule 6.1(b)(3)*: "Reply papers, if any, shall be served within seven (7) days after service of the answering papers."

• *Fed. R. Civ. P. 6(b)(1)(B):* A party must show excusable neglect and obtain leave of court for any late filing after a deadline has passed.

Relevant Case Law:

• Cruz v. Zucker, 195 F. Supp. 3d 554, 566 (S.D.N.Y. 2016): "Failure to adhere to Local Rule 6.1(b) is grounds for striking a reply brief."

• Lopez v. City of New York, No. 05-CV-10321, 2009 WL 229956, at *2 (S.D.N.Y. Jan. 30, 2009): "A reply filed late without leave of court is subject to rejection or disregard."

Lack of Leave or Justification:

Defendants filed their "Affirmation in Reply" more than three weeks past the required deadline, without motion for leave, without explanation, and in a context where the Court had not extended time sua sponte. This demonstrates a clear disregard for this Court's procedural rules and should not be given consideration.

Furthermore, Defendants never sought leave of Court to file this sur-reply, which is required under Local Civil Rule 6.1(b)(3) for any reply submitted outside the 7-day window. This unauthorized filing alone renders ECF No. 62 procedurally improper and subject to striking.

Prejudice to Plaintiff:

Plaintiff has already submitted dispositive materials in reliance on the closure of briefing. Permitting an out-of-time reply disturbs the orderly process of the Court and unjustly expands Defendants' opportunity to relitigate arguments already briefed and rebutted.

Allowing the late reply would prejudice Plaintiff by giving Defendants an unfair tactical advantage and disrupting the orderly progression of motion practice. Plaintiff has complied with all deadlines and has submitted dispositive material relying on finality of the original MTD briefing.

Equity favors the diligent, and courts routinely disfavor tactical delay without justification.

Relief Requested:

Accordingly, Plaintiff respectfully requests that the Court:

1. **STRIKE or DISREGARD Defendants' untimely "Affirmation in Reply" (ECF No. 62);**
2. **Proceed to rule on the Motion to Dismiss based on the timely submitted motion papers;**
3. **Grant such other and further relief as the Court deems just and proper.**
4. **For all the foregoing reasons, Plaintiff respectfully urges the Court to strike the improper filing and proceed without delay.**

Accordingly, striking the untimely reply is both warranted and necessary to preserve the integrity of this Court's deadlines.

Plaintiff respectfully requests that the Court enforce applicable procedural deadlines to prevent abusive motion practice and to preserve judicial economy.

---

## Defendants' "Decree" Confirms They Acted Under Color of Law

Defendants' Reply raises a fatal contradiction. On the one hand, they argue that the Co-op Board and its agents are "private actors" not subject to 42 U.S.C. § 1983. On the other hand, the very document they attach—the purported "Decree"—identifies 255 W. 108 Street Corp. as a party acting pursuant to Surrogate's Court authority. A party cannot simultaneously rely on judicial authority and deny that it acted under color of law. Under the controlling Supreme Court precedents—Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Dennis v. Sparks, 449 U.S. 24

(1980)—a private party becomes a state actor when it invokes, misuses, or participates in a state judicial process to deprive another of property.

The Defendants' entire defense collapses under its own weight:

If the Board acted under a Surrogate's Court Decree, they acted under color of state law.

If the Decree is invalid—as its lack of seal, certification, docketing, signature, and visible alterations show—then the Board and its agents acted ultra vires, misusing state judicial machinery. Either scenario establishes § 1983 liability.

Defendants cannot rely on judicial authority when it benefits them and deny state action when it exposes their misconduct. Their Reply is therefore internally inconsistent, legally untenable, and must be disregarded.

## Defendants' Reliance on Argument, Not Evidence, Is Legally Insufficient

Defendants' motion relies almost entirely on counsel's statements and unauthenticated papers. But "statements of counsel in their briefs or argument, while enlightening to the Court, are not sufficient for purposes of granting a motion to dismiss or summary judgment." Porter Trinsey v. Pagliaro, 229 F. Supp. 647, 649 (E.D. Pa. 1964). Absent admissible proof of standing or authority under FRE 901, Defendants' filings cannot support dismissal.

Dated: November 20, 2025

Respectfully Submitted,

*[signature]*

Denise Petretti, Pro se

Plaintiff