UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

*Plaintiff*,

v.

Jericho, et al.,

*Defendant*.

Case No. 1:25-cv-06605-VSB-VF

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ON THE BASIS OF LACK OF STANDING, INTEREST, OR AUTHORITY

TO THE HONORABLE COURT:

Plaintiff Denise Petretti respectfully submits this supplemental memorandum in further opposition to Defendants' Motion to Dismiss (ECF No. 53), addressing newly filed materials and reinforcing her long-standing challenge to the standing, interest, or authority claimed by Defendant Amelia Ahne-Baum and others acting under color of law.

1. Defendants Have Never Established Standing, Interest, or Authority

For over three years, Plaintiff has consistently requested documentary proof of authority from those asserting control over her late mother's estate and personal property. No such lawful or authenticated documentation has ever been produced. Defendant Amelia Ahne-Baum, in particular, has failed to demonstrate standing under New York law or federal requirements. This continued failure to establish standing violates well-established Article III jurisprudence. See Warth v. Seldin, 422 U.S. 490, 498 (1975) ("Standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

2. No Admissible Evidence of Authority or Jurisdiction

Defendants rely upon an April 21, 2023 Surrogate's Court "Decree" (ECF No. 44-1, p. 19), which remains uncertified, unauthenticated, and visibly altered. It fails to meet the requirements of:

- Federal Rule of Evidence 902 (self-authenticating public documents)
- Federal Rule of Civil Procedure 44(a) (proof of official record)

No valid letters of administration, court seal, citation, or waiver by Plaintiff has been produced. A facially defective document cannot be used to justify state-backed deprivation of rights.

### 3. Article III Standing and Rule 17(a) Real Party in Interest Standard Remain Unmet

Under Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992), a party must demonstrate an "injury in fact," traceable to the conduct in question and redressable by the court. Amelia Ahne-Baum has not shown that she possessed any legal interest in the estate or suffered any injury that would justify her initiation of proceedings.

Moreover, under Fed. R. Civ. P. 17(a), any action must be brought by the real party in interest. Plaintiff is the decedent's only known heir and distributee. Ahne-Baum was merely an assistant property manager. No statutory standing or judicial appointment grants her authority to administer an estate to which she has no connection.

### 4. Procedural Due Process Was Violated

The Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). Plaintiff was never served with citation, given notice, or offered opportunity to participate in any Surrogate's Court action. All subsequent acts—lockout, control of assets, denial of access—stem from this initial unconstitutional deprivation. See also Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

5. Demand for Evidentiary Hearing or Denial of MTD

The record remains factually and legally insufficient to support a motion to dismiss. Plaintiff has raised serious allegations of procedural misconduct, lack of standing, and unlawful deprivation of rights. At minimum, these issues warrant evidentiary inquiry. See Gonzalez v. Reno, 212 F.3d 1338, 1348 (11th Cir. 2000) (courts must determine standing before ruling on the merits).

---

6. Verified Complaint Meets Federal Pleading Standards Under Rule 8 and Iqbal

Plaintiff's Verified Complaint fully satisfies Federal Rule of Civil Procedure 8 and easily states a cognizable claim under 42 U.S.C. § 1983. The pleading identifies (1) the specific constitutional rights at issue, including Plaintiff's property and due-process rights; (2) the specific actions taken by each Defendant under color of state law; and (3) the resulting deprivation of Plaintiff's possessory interest and ongoing injury.

At the motion-to-dismiss stage, all well-pleaded factual allegations must be accepted as true and all reasonable inferences drawn in Plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff's Verified Complaint alleges with particularity that Defendants relied on a jurisdictionally void Surrogate's Court Citation and other ultra vires acts to initiate eviction proceedings and interfere with estate property in violation of federal law. These allegations are more than sufficient to state a claim.

7. Defendants' "Insufficiency" Argument Is Refuted by Their Own Evidence

Defendants' assertion that Plaintiff's Verified Complaint "fails to state a claim" is demonstrably false and legally frivolous. The Complaint sets forth, with specificity, (1) the exact constitutional rights violated, (2) the precise conduct undertaken by each Defendant acting under color of state authority, and (3) the resulting deprivation of Plaintiff's property and due process. These allegations, taken as true at the 12(b)(6) stage, easily state a claim under Iqbal and Twombly.

Moreover, Defendants' argument fails for a more fundamental reason: their own exhibits destroy their position. The so-called "Decree" they rely upon is facially defective—it bears no Surrogate's signature, no raised seal, no docketing information, and contains strikeouts and handwritten alterations inconsistent with any lawful issuance under the SCPA.

An unauthenticated, uncertified document cannot be used to defeat a federal complaint, and submitting such a document—without certification—violates Fed. R. Evid. 902.

A federal complaint cannot fail to state a claim merely because Defendants choose to rely on void, unsigned, uncertified, or ultra vires documents. The Verified Complaint alleges precisely that such documents were used to dispossess a protected individual from her home. Those allegations alone are sufficient to proceed under § 1983.

## CONCLUSION

Defendants have failed to establish any lawful authority justifying their actions. Their continued reliance on procedurally and constitutionally defective documents further supports denial of the motion to dismiss.

Dated: November 20, 2025

Respectfully submitted,

*Denise Cahill*

Denise Petretti