UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DENISE PETRETTI,

*Plaintiff*,

v.

Jericho, et al.,

*Defendants*.

Case No.: **1:25-cv-06605-RA-VF**

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON PREJUDICE AND JUDICIAL

ECONOMY

Plaintiff Denise Petretti respectfully submits this supplemental memorandum in further support of her Formal Objection and Motion to Strike Defendants' Untimely "Affirmation in Reply" (ECF No. 62), and to emphasize the substantial prejudice caused by Defendants' procedural conduct and the broader impact on judicial economy.

## I. PREJUDICE TO PLAINTIFF

Defendants' failure to timely file their reply under Local Civil Rule 6.1(b) has prejudiced Plaintiff in several distinct and compounding ways:

1. Disruption of Finality in Motion Practice

   Plaintiff timely opposed the Motion to Dismiss on October 17, 2025, and reasonably relied on the closure of briefing to submit further dispositive materials. Defendants' reply, filed more than 30 days late without leave of Court, unjustly disrupts the motion calendar and prejudices Plaintiff's strategic reliance on procedural deadlines.

2. Unfair Tactical Advantage

   By delaying their response until after Plaintiff's Notice Requesting Judicial Ruling was submitted, Defendants seek to sidestep the adversarial structure of motion practice and inject unauthorized material after the briefing was complete. This maneuver denies Plaintiff a level playing field and constitutes procedural ambush.

3. Wasted Time and Resources

   The late filing compels Plaintiff to divert resources toward responding to an otherwise disallowed reply. Plaintiff has now been forced to prepare multiple filings—including this Memorandum and accompanying Affidavit—merely to preserve the integrity of the procedural record.

## II. IMPACT ON JUDICIAL ECONOMY

The integrity of motion deadlines is critical to judicial efficiency. The Supreme Court and Second Circuit have both underscored the importance of enforcing procedural rules to maintain fairness and efficiency.

See Hall v. Hall, 138 S. Ct. 1118, 1127 (2018) ("Rules of procedure are designed to ensure orderly conduct of litigation."); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 112 (2d Cir. 2008) ("District courts must be permitted to manage their dockets efficiently and enforce deadlines.").

Allowing Defendants' untimely reply to stand would incentivize delay tactics and encourage litigants to ignore established briefing schedules—burdening the Court with piecemeal arguments and prolonged disputes. Timely compliance with the rules promotes certainty, efficiency, and respect for the Court's calendar.

## III. CONCLUSION

Plaintiff respectfully urges the Court to strike Defendants' Affirmation in Reply (ECF No. 62) as untimely and procedurally improper. The continued abuse of process by Defendants has materially prejudiced Plaintiff and undermines judicial economy.

Respectfully submitted,

_Denise Petretti_

Denise Petretti

Dated: November 20, 2025

New York, NY