UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENISE PETRETTI,

                                 Plaintiff,                  **25-CV-6605 (VSB) (VF)**

              -against-                          **REPORT AND**
                                                                             **RECOMMENDATION**

JAN JERICHO, et al.,

                                 Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE VERNON S. BRODERICK, United States District Judge:**

       On September 19, 2025, Plaintiff filed two motions seeking the same relief: an order from this Court staying pending eviction-related proceedings against Plaintiff. See ECF Nos. 27-29. More specifically, Plaintiff seeks "an immediate stay of all eviction or property-removal proceedings," (ECF No. 27 at 5), an order for "the preservation of Plaintiff's personal property pending resolution of this case" (id.), as well as "an order preserving possession of Apartment 2B, 255 West 108th Street" in Manhattan. ECF No. 28 at 2. For the reasons discussed below, I respectfully recommend that Plaintiff's motions be **DENIED**.[1]

       On August 11, 2025, Plaintiff filed an emergency motion for a temporary restraining order ("TRO"). ECF No. 3. The Honorable Vernon S. Broderick denied the TRO on August 14, 2025. ECF No. 6. Following the denial, Plaintiff filed a variety of motions and

---

[1] Typically, "[m]otions to stay proceedings are non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)." Monroe Staffing Servs., LLC v. Whitaker, No. 20-CV-1716 (GBD) (BCM), 2022 WL 684714, at *2 n.1 (S.D.N.Y. Mar. 7, 2022) (internal quotation marks and citation omitted). However, because the motion to stay is the only relief Plaintiff requests here, the undersigned, out of an abundance of caution, has treated the motion as dispositive and issued a Report and Recommendation.

declarations, including the instant motions to stay the eviction proceedings. On November 24, 2025, Judge Broderick referred the stay motion to the undersigned. ECF No. 66.

As discussed below, the Court is barred from ordering the relief that Plaintiff requests because it would require interference in a state-court proceeding. Specifically, the Court is prohibited from interfering in state-court proceedings based on three theories: 1) the Anti-Injunction Act under 28 U.S.C. § 2283, 2) the Younger abstention doctrine, and 3) the Rooker-Feldman doctrine.

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court[.]" 28 U.S.C. § 2283. "The purpose of the Anti-Injunction Act "is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." Bosch v. Lamattina, No. 08-CV-238 (JS) (AKT), 2008 WL 4820247, at *5 (E.D.N.Y. Nov. 4, 2008) (internal quotation marks and citation omitted). "The Anti-Injunction Act contains three narrow exceptions: (i) authorization by Congress; (ii) necessity to aid jurisdiction; and (iii) protection of judgments." Isaac v. Schiff, No. 21-CV-11078 (PMH), 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (citation omitted).

"Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings." Allen v. New York City Hous. Auth., No. 10-CV-168 (CM) (DCF), 2010 WL 1644956, at *3-4 (S.D.N.Y. Apr. 20, 2010) (concluding that "the Anti-Injunction Act bars this Court from enjoining a potential Housing Court holdover (or other) proceeding"); see also Xue Ming Zheng v. New York City Hous. Auth. Off. of Impartial Hearing, No. 10-CV-509 (DAB), 2010 WL 3910480, at *4 (S.D.N.Y. Sept. 28, 2010) (finding "this Court would be unable to enjoin the state court

2

eviction proceedings" based on the Anti-Injunction Act); O'Neill v. Hernandez, No. 08-CV-1689 (KMW), 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008) ("[T]he Anti-Injunction Act bars this Court from enjoining Plaintiff's eviction proceedings."); Isaac, 2022 WL 3290679, at *2 ("Plaintiff was evicted in a run-of-the-mill proceeding in State court. The Anti-Injunction Act squarely precludes this Court from enjoining that proceeding."). Additionally, nothing in Plaintiff's motion suggests that the eviction proceeding here falls within one of the three narrow exceptions to the Anti-Injunction Act.

To the extent that the eviction proceeding is still pending in state court, the Younger abstention doctrine would also preclude the Court from interfering in that proceeding. "The *Younger* abstention doctrine cautions federal courts against enjoining or otherwise interfering in ongoing state proceedings." Brown v. RXR Soyo Exalta, LLC (Sawyer Place), No. 24-CV-4250 (LTS), 2024 WL 3316011, at *2 n.2 (S.D.N.Y. June 10, 2024) (citing Sprint Comms., Inc. v. Jacobs, 571 U.S 69, 77-78 (2013); Younger v. Harris, 401 U.S. 37, 43-45 (1971)). "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) (citing Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001)). "When a plaintiff 'seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,]' *Younger* abstention applies." Brown, 2024 WL 3316011, at *2 n.2 (quoting Abbatiello v. Wells Fargo Bank, N.A., No. 15-CV-4210 (SJF) (ARL), 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015)).

First, Plaintiff's claims in federal court relate to what appears to be an ongoing eviction proceeding related to her apartment in Manhattan. ECF No. 28 at 2; In re Estate of Marie Petretti, No. 2022-4059 (Surr. Ct., New York, 2022). Second, eviction proceedings involve the "disposition of real property" and therefore implicate "an important state interest." Dean v. Doberman, No. 21-CV-8320 (VB), 2023 WL 2480012, at *7 (S.D.N.Y. Mar. 13, 2023) (internal quotation marks and citation omitted). Third, to the extent Plaintiff is challenging the basis for her eviction, "the state courts undoubtedly offer an opportunity for judicial review of her [ ] claims and avenues of appeal." Concepcion v. Westchase Residential Assist II LLC, No. 15-CV-5679 (DLI), 2016 WL 8711344, at *3 (E.D.N.Y. Sept. 30, 2016); see also Clark v. Bloomberg, No. 10-CV-1263 (JG), 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (finding "no reason to doubt that the state proceedings provide [plaintiff] with an adequate forum to make the arguments he seeks to raise in this court" related to claims to enjoin a foreclosure action and eviction proceedings).

Relying on Younger, courts in this District routinely abstain from interfering in state-court eviction proceedings. See, e.g., Ochei v. Lapes, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (explaining that Younger prevents federal court intervention in state-court civil proceedings that implicate the State's interest in enforcing the orders and judgments of its courts, including an ongoing eviction proceeding); O'Neill, 2008 WL 2963634, at *1 (noting that Plaintiff has "not alleged facts sufficient to show bad faith, harassment, or any other extraordinary circumstance that would justify Federal court interference with Plaintiff's State court eviction proceedings" under Younger); Haziz-Ramadhan v. Specialized Loan Servicing, LLC, No. 23-CV-02671 (OEM) (JMW), 2023

4

WL 8003339, at *3 (E.D.N.Y. Nov. 17, 2023) (abstaining under Younger where plaintiff's claims concern the same property in state foreclosure and eviction proceedings).

Finally, even if the state court proceeding has concluded, the Court would not have the power to grant the relief Plaintiff seeks under the Rooker-Feldman doctrine. That doctrine prevents "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "Underlying the Rooker-Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (internal citations and quotation marks omitted). For the doctrine to apply, four requirements must be satisfied: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014) (internal quotation marks, alterations, and citation omitted). There is a "long line of cases holding that federal claims arising from eviction proceedings are ordinarily barred by the *Rooker–Feldman* doctrine." Thompson v. Donovan, No. 13-CV-2988 (CS), 2014 WL 5149037, at *12 (S.D.N.Y. Oct. 14, 2014) (collecting cases).

Plaintiff's allegations appear to indicate that she was evicted from her apartment pursuant to a proceeding in Surrogate Court. See ECF No. 28 at 2. She asks this Court to review that decision by finding that it was invalid. Id. Additionally, the eviction appears to

5

have occurred on or about August 4, 2025 (id.), before Plaintiff filed the complaint in this matter on August 11, 2025 (ECF No. 1). As such, Plaintiff appears to ask this Court to review the state-court eviction proceeding that resulted in her eviction, but the Rooker-Feldman doctrine "precludes federal district courts from reviewing final judgments of the state courts." Brown, 2024 WL 3316011, at *2 n.3; see also Trieu v. Extra Pace Assocs., LP, No. 23-CV-6182 (LTS), 2024 WL 96673, at *3 (S.D.N.Y. Jan. 8, 2024) ("Plaintiff brings this action seeking relief for the termination of his lease and his eviction . . . Because Plaintiff's lease was terminated and he was evicted as a result of a holdover proceeding in Housing Court, his claims are barred under the *Rooker-Feldman* doctrine.").

Plaintiff states that she was "dispossessed of her home on August 4, 2025, based on a proceeding initiated without lawful standing or authority." ECF No. 28 at 2. She claims that the Public Administrator "has failed to establish lawful authority" (ECF No. 27 at 2-3), that the Letters of Administration do "not confer jurisdiction" because they were signed by a clerk (id. at 3, ECF No. 28 at 2), and that Defendants improperly "relied on a paralegal and a court clerk to issue communications and papers concerning estate administration" (ECF No. 27 at 3). To the extent that Plaintiff is attacking the procedural and substantive validity of the judgment issued by the New York Surrogate Court, "this Court is without authority to opine on the jurisdictional propriety or the merits of a state court's decisions." ACS Recovery Servs., Inc. v. Figueiredo, No. 07-CV-7359 (CLB) (LMS), 2008 WL 11517824, at *10 n.6 (S.D.N.Y. Jan. 15, 2008); see also Petretti v. Jericho, No. 25-CV-6605 (VSB), 2025 WL 2371110, at *1 (S.D.N.Y. Aug. 14, 2025), reconsideration denied, 2025 WL 3241216 (S.D.N.Y. Nov. 20, 2025) (denying TRO where "Plaintiff's Complaint attacks the procedural and substantive validity of a judgment issued by New York Surrogate's Court").

Therefore, because the Court does not have the power to issue the injunctive relief or stay that Plaintiff seeks, I respectfully recommend that Plaintiff's motions to stay be **DENIED**.

**SO ORDERED.**

DATED:   New York, New York
         December 15, 2025

VALERIE FIGUEREDO
United States Magistrate Judge

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Vernon S. Broderick. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**