# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

Denise Petretti,

*Plaintiff,*

v.

Jan Jericho et al.,

*Defendants.*

RECEIVED
SDNY PRO SE OFFICE
2018 DEC 17 AM 10: 42

**Civil Action No. 1:25-cv-06605-VSB-VF**

---

# PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF 79)

---

Plaintiff Denise Petretti respectfully submits the following objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

---

## I. BACKGROUND

1.  On August 11, 2025 Plaintiff filed this civil action seeking relief for constitutional and statutory violations arising from an unlawful lockout, not an eviction, at 255 West 108th Street, Apartment 2B.

2. The Verified Complaint alleges that the defendants—including private individuals, a cooperative board, and counsel—acted without lawful standing, jurisdiction, or certified authority under color of state law.

3. On November 24, 2025 the Court referred Plaintiff's Motions to Stay (ECF 27, 28) to Magistrate Judge Figueredo.

4. On December 15, 2025 the Magistrate issued a Report and Recommendation (ECF 79) recommending denial of those motions.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the District Judge must make a de novo determination of those portions of the Report and Recommendation to which specific written objections are made.

## III. OBJECTIONS

### A. The Anti-Injunction Act Does Not Apply Because No Valid State Proceeding Exists

Plaintiff objects to each legal conclusion in the Report and Recommendation as follows: The record demonstrates that the Surrogate's Court never issued a certified citation or decree initiating any judicial proceeding capable of being "enjoined."

1. The Anti-Injunction Act, 28 U.S.C. § 2283, bars interference only with pending state-court proceedings.

2. Because no state eviction proceeding or judgment exists, there is nothing for § 2283 to protect.

## B. The Younger Abstention Doctrine Is Inapplicable

1. Younger abstention applies only to ongoing state judicial proceedings in which a party can raise constitutional claims.

2. Plaintiff has been unlawfully dispossessed without any pending state-court action affording a forum for relief; the lockout occurred outside judicial supervision.

3. Because there is no active state case and the deprivation occurred without process, abstention under *Younger v. Harris, 401 U.S. 37 (1971)*, is improper.

4. See *Gibson v. Berryhill, 411 U.S. 564 (1973)* (Younger does not apply where the state process is void or inadequate to protect federal rights).

## C. The Rooker–Feldman Doctrine Does Not Bar Jurisdiction

1. The federal complaint does not seek appellate review of a state-court judgment; it challenges private and administrative acts taken without jurisdiction. The injury arose from defendants' extrajudicial lockout. Where a plaintiff alleges independent federal constitutional violations by persons acting under color of state law, Rooker–Feldman does not apply. *Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77 (2d Cir. 2005)*.

**D. Equitable Relief Is Necessary to Preserve Federal Jurisdiction**

1. Plaintiff's Verified Complaint invokes 42 U.S.C. § 1983 and Article III jurisdiction to protect property and due-process rights.

2. Where a state proceeding is void for want of jurisdiction, a federal court may act to protect federally secured rights. Ex parte Young, 209 U.S. 123 (1908).

3. Plaintiff seeks only restoration of access to her home and property pending lawful adjudication—not to overturn any valid state judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the District Judge decline to adopt the Report and Recommendation (ECF 79) to the extent it rests on the mistaken premise that an eviction or state-court judgment occurred, when the record reflects only an extrajudicial lockout.

Plaintiff further requests that the Court grant such other and further relief as it deems just and proper.

Because the Surrogate's Court never obtained jurisdiction through lawful service

Respectfully submitted,

Denise Petretti, Pro S

255 W. 108 Street Apt. 2B

New York, NY 10025

Dated: December 17, 2025