UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

DENISE PETRETTI,

Plaintiff,

- against -

JAN JERICHO, *et al.*,

Defendants.

------------------------------------------------------X

25-CV-6605 (VSB) (VF)

**OPINION & ORDER**

Appearances

Denise Petretti
New York, NY
*Pro Se Plaintiff*

Allyson Paige Lubell
Morris Duffy Alonso & Faley
New York, NY
*Counsel for Defendants Jan Jericho, Amelia Ahne Blume, Marcela Baum, Paul Mazzacano, Diana Erbsen, Michael Manzi, and Solomon E. Jaskiel*

Andrew Dean Solomon
Silvia Pihui Tsai
Law Offices of Fuqiang Zhang, P.C.,
New York, NY
*Counsel for Defendant Silvia P. Tsai*

VERNON S. BRODERICK, United States District Judge:

Pro se Plaintiff Denise Petretti, ("Plaintiff" or "Petretti"), brings claims against Defendants Jan Jericho, ("Jericho"), Silvia P. Tsai, ("Tsai"), Amelia Ahne-Blume, ("Ahne-Blume"), Marcela Baum, ("Baum"), Paul Mazzacano, ("Mazzacano"), Diana Erbsen, ("Erbsen"), Michael Manzi, ("Manzi"), Solomon Jaskiel, ("Jaskiel"), and two unnamed defendants, (("Doe Defendants") and, collectively, "Defendants"), under 42 U.S.C. § 1983. (Doc. 1 ("Compl.").)

Petretti alleges that an order issued against her in New York State Surrogate's Court was entered "without lawful authority." (*Id.*)[1] On that basis, Plaintiff moved to stay state court proceedings and for injunctive relief relating to those proceedings. (Docs. 27–28.) This Opinion & Order addresses: (1) Magistrate Judge Valerie Figueredo's Report and Recommendation concerning Plaintiff's motions for injunctive relief, (Doc. 79 ("Report" or "Rep.")); (2) Petretti's objections, (Doc. 80 ("Objections" or "Objs")), to the Report; and (3) two motions to strike filed by Petretti during the course of this litigation, (Docs. 48 ("First Motion to Strike" or "MTS I"), 67 ("Second Motion to Strike" or "MTS II")). For the reasons that follow, I hereby ADOPT the Report in full. Petretti's objections are OVERRULED. Plaintiff First Motion to Strike is GRANTED IN PART and DENIED IN PART. Plaintiff's Second Motion to Strike is DENIED.

## I. Factual Background and Procedural History[2]

Plaintiff is an individual residing in New York "at 255 West 108 Street, Unit 2B, New York, NY, 10025." (Compl. 2.) Plaintiff claims Defendants "acted under color of state law by exercising powers conferred by New York law in concert with a Surrogate's Court proceeding, thereby jointly participating with state processes to effectuate a deprivation of Plaintiff's property without due process." (*Id.* at 2.) Plaintiff alleges that Manzi demanded payments of maintenance fees in 2022 which were designed to "intimidate and mislead Plaintiff." (*Id.* at 3.) Plaintiff alleges that in 2023, Defendants "initiated actions to remove Plaintiff as the owner of her residence" and that Ahne-Blume filed "an unauthorized Petition for Letters of Administration." (*Id.*) On August 5, 2025, Plaintiff alleges that the locks were changed on her apartment and she only had thirty minutes to remove her belongings. (*Id.* at 4.) On August 7,

[1] "Compl." refers to Plaintiff's Complaint filed on August 11, 2025. (Doc. 1.)

[2] Because the Complaint does not contain consecutive numbering, references to page numbers in the Complaint are to the page numbers given to the Complaint by the ECF system.

2025, Tsai provided Plaintiff with a copy of an opposition motion and a "Decree Appointing [a] Public Administrator." (*Id.*) Plaintiff alleges that the Surrogate's Court decree is without "jurisdiction ab initio," and that actions taken in furtherance of the decree contribute to the "deprivation of Plaintiff's property and liberty interests without due process of law." (*Id.*) On this basis, Plaintiff alleges due process violations and unlawful seizure of her property. (*Id.*)

On August 11, 2025, Plaintiff filed her Complaint. (*Id.*) On the same day, Plaintiff moved for an emergency ex parte temporary restraining order, ("TRO"), seeking to restore Plaintiff to her former residence or stay enforcement of the eviction and removal of property. (Doc. 3.) On August 14, 2025, I denied Plaintiff's motion for a TRO because Plaintiff could not show that she would suffer irreparable harm or that there are sufficiently serious questions going to the merits of her underlying claims. (Doc. 6 ("August Order").)

In the August Order, I explained that it would be improper to grant the TRO because "Plaintiff's Complaint attacks the procedural and substantive validity of a judgment issued by New York Surrogate's Court, part of the New York State court system. Congress has vested appellate jurisdiction over state-court judgments raising issues of federal law with the United States Supreme Court," not with District Court Judges. (August Order 2.) Thus, the *Rooker-Feldman* doctrine barred my review of the Surrogate Court's decision. (*Id.* at 2–3.) Furthermore, the irreparable harm that Plaintiff complained of was the loss of her residence, but "Plaintiff's allegations indicate that this harm ha[d] already occurred," meaning that Plaintiff did not demonstrate irreparable harm. (*Id.* at 2.)

On the same day that I issued the August Order, I referred this case to Magistrate Judge Figueredo for general pretrial management. (Doc. 5.) On August 15, 2025, Plaintiff moved for reconsideration of the August Order. (Doc. 9.) On September 3, 2025, Plaintiff again moved for

an emergency TRO. (Doc. 16.) On November 20, 2025, I issued an order denying Plaintiff's motion for reconsideration and her second motion for a TRO. (Doc. 64 ("November Order").) In the November Order, I explained that the fact that "eviction is underway suggests that the Surrogate's Court made a final determination regarding the estate at issue," and that *Rooker-Feldman* applied. (November Order 4 (collecting cases).) I reiterated my conclusion that any irreparable harm had already occurred and that granting a TRO was not appropriate. (*Id.* at 7–9.)

On September 19, 2025, Plaintiff filed two motions requesting that I stay the state court eviction proceedings against her. (Docs. 27–28.) On November 24, 2025, I issued an amended order of reference so that Magistrate Judge Figueredo could consider these motions. (Doc. 66.) Magistrate Judge Figueredo issued the Report on December 15, 2025, recommending that I deny these motions. (Doc. 79.) Plaintiff filed her Objections on December 17, 2025. (Doc. 80.)

On October 1, 2025, Tsai filed a motion to dismiss, (Doc. 44), and the other Defendants filed their motion to dismiss on October 13, 2025, (Doc. 52). On April 30, 2026, I issued a second amended order of reference for these motions to Judge Figueredo, and this Opinion does not address the motions to dismiss. (Doc. 82.) However, Plaintiff has filed two motions to strike various filings related to the motions to dismiss, which I address in this Opinion. (Docs. 48, 67.)

## II. Legal Standard

After a magistrate judge issues a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Trs. of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Cite C Corp.*, No. 17-CV-9304, 2019 WL 1745743, at *1

(S.D.N.Y. Apr. 18, 2019) (internal quotation marks omitted). Where specific objections are made, the court is obligated to review the contested issues de novo. *See* Fed. R. Civ. P. 72(b)(3). However, when "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report only for clear error. *Jones v. Smith*, No. 09-CV-6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). "Moreover, parties may not raise new arguments for the first time in objections to a report and recommendation." *Erickson v. Jernigan Cap., Inc.*, 692 F. Supp. 3d 114, 120 (S.D.N.Y. 2023). , Further, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016); *see also Pena v. Rivera*, No. 05-CV-3109, 2006 WL 2529771, at *1 (S.D.N.Y. Aug. 31, 2006). Even when exercising de novo review, a "district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).

Pro se complaints are afforded "special solicitude" and must be interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted). However, a pro se litigant is still "obligated to comply with the relevant rules of procedural and substantive law." *Doe v. Torres*, No. 05-CV-3388, 2006 WL 290480, at *3 (S.D.N.Y. Feb. 8, 2006). Accordingly, "where a pro se party's objections to a report and recommendation are 'conclusory or general,' or where a plaintiff 'simply reiterates his original arguments,' the report should be reviewed only for clear error." *DeGrate v. Broad. Music, Inc.*, No. 12-CV-1700, 2013 WL 639146, at *2 (S.D.N.Y. Feb. 20, 2013) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)).

## III. Discussion

### A. *Report*

Judge Figueredo issued the well-reasoned and comprehensive seven-page Report on December 15, 2026. (Rep.) Judge Figueredo correctly found that the relief that Plaintiff sought was barred under "1) the Anti-Injunction Act under 28 U.S.C. § 2283, 2) the *Younger* abstention doctrine, and 3) the *Rooker-Feldman* doctrine." (*Id.* at 2.) The Report explained that "[c]ourts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state court eviction proceedings." (*Id.* (collecting cases) (quoting *Allen v. New York City Hous. Auth.*, No. 10-CV-168, 2010 WL 1644956, at *3–4 (S.D.N.Y. Apr. 20, 2010)).) Specifically, Judge Figueredo concluded that "[t]o the extent that the eviction proceeding is still pending in state court, the *Younger* abstention doctrine would [] preclude [me] from interfering in that proceeding," (*Id.* at 3 (collecting cases)), and "even if the state court proceeding has concluded, [I] would not have the power to grant the relief Plaintiff seeks under the *Rooker-Feldman* doctrine," (*Id.* at 5 (collecting cases)). Thus, Plaintiff's action is prohibited by *Younger* and *Rooker-Feldman*, as well as by the dictates of the Anti-Injunction Act, each of which preclude the relief that Plaintiff seeks. I agree with Judge Figueredo that these doctrines act as insuperable obstacles to implementing a stay or injunction—thus, the Report is ADOPTED in full and Petretti's objections are OVERRULED.

**1. Objections**

Petretti advances four principal objections. (Objs. 1–5.) I address each in turn below.

a. <u>First Objection</u>

First, Plaintiff objects to Judge Figueredo's conclusion that the Anti-Injunction Act bars the relief she seeks because "the Surrogate's Court never issued a certified citation or decree initiating any judicial proceeding capable of being 'enjoined.'" (Objs. 2.) She thus argues that "there is nothing for § 2283 to protect." (*Id.* at 3.)

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in the aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Mitchum v. Foster*, 407 U.S. 225, 230 (1972) ("[T]he national policy forbid[s] federal courts to stay or enjoin pending state court proceedings except under special circumstances.") (internal citations omitted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Here, none of the exceptions to the Anti-Injunction Act are met. First, Plaintiff points to no Act of Congress, and indeed I am aware of none, that permits the grant of an injunction to stay eviction proceedings pending in state courts. *See Sierra v. City of New York*, 528 F. Supp. 2d 465, 468 (S.D.N.Y. 2008) ("[I]t is settled law that the [first] exception comes into play only when a statute 'clearly creating a federal right or remedy enforceable in a federal court of equity [] could be given its intended scope only by the stay of a state court proceeding,'" (quoting *Mitchum*, 407 U.S. at 239)). Nor can Plaintiff burnish any judgment that I have issued that such

an injunction would "protect or effectuate." *But see* 28 U.S.C. § 2283. Finally, to the extent that Plaintiff argues that the injunction is "necessary in the aid" of my jurisdiction, such an argument is misplaced. The "proceeding in state court would in no way impair [my] flexibility and authority to resolve Plaintiff's civil rights" claims on the merits if that were appropriate. *Allen*, 2010 WL 1644956, at *4; *see also Watkins v. Ceasar,* 88 F. App'x 458, 459 (2d Cir. 2004) (summary order) (affirming denial of motion to enjoin pending eviction proceedings because "none of the exceptions enumerated by statute apply"). Thus, Plaintiff's First Objection is unavailing and is OVERRULED.

b. Second Objection

Next, Plaintiff argues that the Report erred in finding that *Younger* applied to the extent her proceedings were ongoing because her "lockout occurred outside judicial supervision." (Objs. 3 (citing *Gibson v. Berryhill*, 411 U.S. 564 (1973).) In *Gibson*, the Supreme Court concluded that *Younger* did not apply because the district court in that case had concluded that "the [state tribunal] was incompetent by reason of bias to adjudicate the issues pending before it," and thus plaintiff had shown "special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." 411 U.S. at 577. In other words, the third predicate condition for *Younger* abstention, which requires that "the plaintiff have an avenue open for review of constitutional claims in the state court," was not met. *See Grieve v. Tamerin*, 269 F.3d 149, 152 (2d Cir. 2001) (alterations adopted and internal quotation marks omitted); *see also id.* ("The requirements for a federal court to abstain from exercising jurisdiction under *Younger* are that '1) there [be] an ongoing state proceeding; 2) an important state interest [be] implicated; and 3) the plaintiff ha[ve] an avenue open for review of constitutional claims in the

state court.'" (quoting *Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103, 105 (2d Cir. 1997) (internal quotation marks omitted))).

Here, Plaintiff pleads no facts that would give rise to the inference that there was no avenue for her to have her federal constitutional claims reviewed as part of her state court proceeding. *But see Kristopher v. Stone St. Props., LLC*, No. 13-CV-566, 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013) ("Plaintiff may raise her claim that Defendants violated [federal law] as an affirmative defense to the eviction proceeding."). Plaintiff's speculative claim that the decree against her is "outside judicial supervision," does not, in and of itself, suffice to render this posture outside of the ambit of *Younger* abstention. *But see Thompson v. Donoghue*, No. 26-CV-4279, 2026 WL 2212905, at *3 (S.D.N.Y. July 27, 2026) (in order for plaintiff to establish the "bad faith, harassment or irreparable injury" that rendered *Younger* abstention inapposite in *Gibson*, a plaintiff must "demonstrate that 'the party bringing the state action [had] no reasonable expectation of obtaining a favorable outcome,' but instead brought the action with 'a retaliatory, harassing, or other illegitimate motive.'" (quoting first *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994) and then *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002))). Therefore, because the *Younger* doctrine bars me from staying pending state-court proceedings, to the extent that proceedings are still ongoing, Plaintiff's challenge is necessarily without merit. *See Ochei v. Lapes*, No. 19-CV-3700, 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) ("[I]nterference in [Plaintiff's] ongoing state-court eviction proceeding" barred by *Younger*); *Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (similar); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015) (similar).

Plaintiff's Second Objection, therefore, necessarily fails and is OVERRULED.

c. <u>Third Objection</u>

Plaintiff's Third Objection is that "[t]he federal complaint does not seek appellate review of a state-court judgment" and so, she argues, the *Rooker-Feldman* doctrine does not apply. (Objs. 3.)

There are four predicates for *Rooker-Feldman* to warrant abstention: "(1) 'the federal-court plaintiff must have lost in state court[;]' (2) 'the plaintiff must complain of injuries caused by a state-court judgment[;]' (3) 'the plaintiff must invite district court review and rejection of that judgment[;]' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.'" *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (alterations in original) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005), *abrogated on other grounds by T.M. v. Univ. of Maryland Medical Sys. Corp.*, No. 25-197, 608 U.S. 668 (2026)). Plaintiff's Third Objection goes to the second prong. (Objs. 3 ("Where a plaintiff alleges independent federal constitutional violations by persons acting under color of state law, Rooker-Feldman does not apply.").)

To the extent that Plaintiff alleges that she has been injured by the "extrajudicial lockout," i.e., the enforcement of the Surrogate's Court decree, rather than the decree itself, this argument fails because, at bottom, such alleged deprivations were "necessarily caused" by the judgment itself. *See Hoblock*, 422 F.3d at 88 (when "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it," it is precluded by *Rooker-Feldman*). Plaintiff may not now in her objections "recast[] h[er] claims as alleging constitutional violations resulting from the enforcement of the support order," when the complaint is devoid of such allegations and makes

clear that the challenge goes to the heart of the state court proceeding. *Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015); *see also Erickson*, 692 F. Supp. 3d at 120 ("[P]arties may not raise new arguments for the first time in objections to a report and recommendation."). Where "Plaintiff's submissions are riddled with complaints of injuries caused by the state court judgment," even when she professes that "h[er] claims should not be interpreted as 'an effort to argue on consider the merits or procedures' of the [state court judgment]," *Rooker-Feldman* still applies. *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 451–52 (E.D.N.Y.), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *and aff'd*, 125 F.4th 397 (2d Cir. 2025).

Thus, Plaintiff's Third Objection is OVERRULED.

d. Fourth Objection

Finally, Plaintiff cites *Ex Parte Young*, arguing that the "state proceeding is void for want of jurisdiction," and so "a federal court may act to protect federally secured rights." (Objs. 4.)[3] This reference to the doctrine of *Ex Parte Young* misses the mark and does nothing to dissuade me from adopting the conclusions contained in the Report. *Ex Parte Young* provides an exception to Eleventh Amendment state sovereign immunity, allowing for "actions seeking only prospective injunctive relief against state officials to prevent a continuing violation of federal law," to proceed, despite the dictates of the Eleventh Amendment. *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). The Report does not refer to state sovereign immunity, nor does it rely on the doctrine in support of its conclusion that Plaintiff's relief is beyond my jurisdiction. (*But see* Rep. *passim*.) In other words, the Report does not base

[3] To the extent that Plaintiff's fourth objection could be construed to refer to the second "necessary in aid of jurisdiction" prong of the Anti-Injunction Act, I have addressed this argument above. *See supra* § IV.A.1.a.

any of its conclusions on state sovereign immunity or the Eleventh Amendment. Plaintiff's Fourth Objection cannot succeed for this reason and is OVERRULED. The Report is ADOPTED in its entirety.

**B. *Motions to Strike***

Plaintiff also filed two motions to strike directed at the Defendants' motions to dismiss. (MTS I, MTS II.) Plaintiff's First Motion to Strike is GRANTED IN PART and DENIED IN PART. Plaintiff's Second Motion to Strike is DENIED. I deal with each motion in turn below.

**1. Motion to Strike Tsai Exhibits**

First, Plaintiff moves to strike three exhibits appended to Defendant Tsai's motion to dismiss, (Doc. 44), relating to the surrogate court proceedings involving Plaintiff, (MTS I). Plaintiff argues that the exhibits are not "authenticated," that they are not "certified by counsel," and that they are "blind filings" made "without explanation." (MTS I 1–2.) "Federal courts have discretion in deciding whether to grant motions to strike." *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13-CV-0538, 2013 WL 4016302, at *3, (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted). Such motions are generally disfavored and will not be granted "unless it appears to a certainty that plaintiff [or defendant-counterclaimant] would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation marks omitted), *vacated and remanded on other ground*s, 478 U.S. 1015 (1986).

Plaintiff cites only *Holtz v. Rockefeller & Co*, in support of her motion. 258 F.3d 62 (2d Cir. 2001). In that case, the Second Circuit affirmed a district court's decision to "look past" a plaintiff's "failure to file a Local Rule 56.1 statement," and independently scrutinize the record to determine whether the plaintiff "raise[d] a triable issue," on his claims. *Id.* at 73. In so doing,

it noted that many of the allegations in the defendant's Local Rule 56.1 statement lacked citations to the record and so "the [c]ourt [wa]s free to disregard" the assertions contained therein. *Id.* at 74. Simply put, *Holtz* does not apply here since it related to a summary judgment motion and related to a dispute governed by different statutes and legal precedent. In addition, contrary to Plaintiff's assertion, the exhibits appended to Tsai's motion to dismiss are referenced throughout Tsai's motion, (*see* Doc. 44 at 4–13), and thus are not "blind filings," as Plaintiff asserts.[4]

However, "[i]n considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *see also Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."). There is an exception for "documents that are 'integral' to the plaintiff's allegations even if not explicitly incorporated by reference." *Lefkowitz v. Bank of N.Y.*, 676 F. Supp. 2d 229, 249 (S.D.N.Y. 2009) (quoting *Roth*, 489 F.3d at 509). However, a document may only be considered integral "where the plaintiff relies heavily on the document's terms and effect in pleading his claims and there is no serious dispute as to the document's authenticity." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 107 (2d Cir. 2021). Therefore, I find that

[4] Plaintiff also complains that no attorney attests that the exhibits attached to Tsai's filing are "true and correct copies" of the documents contained therein. However, "[e]videntiary questions, such as the one present in this case, should especially be avoided at [] a preliminary stage of the proceedings," and "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

Plaintiff motion succeeds, albeit not for the reasons identified by Plaintiff, insofar as the exhibits to Tsai's motion should not be considered for the truth of the matters contained therein.

However, "I can take judicial notice of matters of public record, including filings in related lawsuits, albeit 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)). Furthermore, "any matters of which judicial notice may be taken, are deemed included in the complaint and may be considered without converting the motion to dismiss into a motion for summary judgment." *Pearson Cap. Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 400 (S.D.N.Y. 2015) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). Therefore, many courts in this District and throughout the Second Circuit take judicial notice of the existence of filings in related matters to establish the existence of such litigation, if not for the truth of the matters contained therein. *See, e.g.*, *Button v. Doherty*, No. 24-CV-5026, 2026 WL 2272583, at *1 n.1 (S.D.N.Y. May 13, 2026) ("The Court also takes judicial notice of court filings in other cases [], though not for the truth of the matter asserted in those filings"); *Bidar v. Eckert, Seamans, Cherin & Mellott, LLC*, No. 25-CV-1828, 2026 WL 866204, at *2 n.8 (E.D.N.Y. Mar. 30, 2026) ("The Court takes judicial notice of the documents filed in the State Court Action"); *Doe v. State Univ. of N.Y. Purchase Coll.*, 617 F. Supp. 3d 195, 201 n.3 (S.D.N.Y. 2022) (same); *see also Kelsey v. Kessel*, No. 24-1105, 2025 WL 1324213, at *2 n.3 (2d Cir. May 7, 2025) (summary order) (affirming this principle).

Accordingly, I may take judicial notice of the existence of these related court filings, if not the truth of the matters contained therein, to the extent they exist as matters of public record.[5] *See Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg, N.Y.*, 111 F. Supp. 3d 459, 477 (S.D.N.Y. 2015) ("When the Court takes judicial notice of a document, it takes notice of the document's existence, not the truth of the statements asserted in the document."). Plaintiff's motion is DENIED to the extent that it seeks to preclude me from taking such notice, although I agree that it is inappropriate to consider the contents of such documents for the truth of the matters asserted therein at this stage of the litigation and so Plaintiff's motion is GRANTED insofar as it moves to strike consideration of these documents for the truth of the factual allegations contained within the exhibits to Tsai's motion.

**2. Motion to Strike Defendants' Reply**

Petretti also moves to strike Defendants' reply affirmation, filed on November 17, 2025. The remaining seven named Defendants, i.e., all of the Defendants except for Tsai,[6] moved to dismiss Petretti's complaint on October 13, 2025. (Doc. 52.) Plaintiff made eight filings in response between October 14, 2025 and November 17, 2025, none of which was styled a memorandum of law in opposition to the motion. (Docs. 55–61, 65.) On November 17, 2025, Defendants filed a reply affirmation in support of their motion. (Doc. 62.) Plaintiff subsequently filed a motion to strike the reply affirmation as untimely, (MTS II), along with an accompanying affidavit, (Doc. 68). On the same day, Plaintiff submitted a further memorandum of law in opposition to Defendants' motion. (Doc. 69.) Plaintiff argues that I should "disregard

---

[5] At least the first and third exhibits to Tsai's Motion can be found at: New York County Surrogate's Court No. 2022-4059, *New York State Unified Court System*, *available at* https://websurrogates.nycourts.gov/File/FileHistory (Doc. 44-1 ("Exhibit A")); and *Pagan v. Ahne*, No. 25-cv-5550, Doc. 16 (S.D.N.Y. Aug. 8, 2025) (Doc. 44-3 ("Exhibit C")). However, the second exhibit ("Exhibit B") did not appear to be readily accessible through a search of public records on the internet.

[6] Tsai moved to dismiss separately. (Doc. 44.)

Defendants' untimely submission and proceed to rule on" the motion to dismiss without considering the reply. (Doc. 68 at 2.)

Local Rule 6.1 for the Southern and Eastern Districts of New York provides that "any reply papers must be served within seven days after service of the answering papers." *See* Loc. R 6.1(b). However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz*, 258 F.3d at 73; *see also Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009) (summary order) ("A district court enjoys broad discretion [] to consider arguments made for the first time in a reply brief"). Here, I exercise my discretion to permit Defendants to file their untimely reply brief, particularly in light of lack of clarity as to the nature of Plaintiff's many filings in response to their initial motion, none of which was labelled an opposing memorandum of law, such that it would necessarily start the clock under the mechanism of Local Rule 6.1. (*But see* Docs. 55–61, 65.)

Here, Plaintiff has not articulated any cognizable prejudice from my consideration of Defendants' reply brief even though it was filed late, particularly as she filed an additional sur-reply brief of her own. (*See* Doc. 69.) Plaintiff merely argues, in conclusory fashion, that "[a]llowing the late reply" would provide "Defendants an unfair tactical advantage and disrupt[] the orderly progression of motion practice," adding that "[e]quity favors the diligent." (Doc. 67 at 3.) However, such cursory bromides do not, taken alone, support denying consideration of Defendants' reply brief, particularly provided that I will consider Plaintiff's sur-reply. Courts in this District frequently find that permitting the consideration of a sur-reply provides the opposing party with a "full opportunity to be heard [] and to respond to any additional arguments made in the Moving Defendants' reply briefs," thus curing any prejudice that might inure to an

improperly filed reply brief. *Escobar v. Correa*, No. 22-CV-08434, 2024 WL 4042122, at *6 (S.D.N.Y. Sept. 4, 2024); *see also Hubbuch v. &M Realty Servs. Corp.*, No. 25-CV-7642, 2026 WL 380709, at *7 (S.D.N.Y. Feb. 11, 2026) ("[T]he Court granted [opposing party] leave to file a sur-reply on this issue, and utilizes its discretion to consider [moving party's] argument on the merits."); *Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-4814, 2025 WL 1664673, at *5 (S.D.N.Y. June 12, 2025) ("Since Defendants were "afforded the opportunity to file a surreply responding to Plaintiff's contentions regarding the Circuit Judge, the Court has considered the contentions in Plaintiff's reply brief." (quoting *Videri, Inc. v. ONAWHIM Inc.*, No. 1:23-CV-2535, 2024 WL 4027980, at *10 n.8 (S.D.N.Y. Sept. 3, 2024) (internal quotation marks omitted)), *aff'd*, No. 25-1542, 2025 WL 4671388 (2d Cir. Dec. 18, 2025) (summary order).

Therefore, I find that it is an appropriate exercise of my discretion to consider Defendants' reply brief, even though it was untimely, since Plaintiff had an opportunity to and did respond to any arguments raised in the reply brief through a sur-reply and was not unfairly surprised by this filing. Plaintiff's Second Motion to Strike is DENIED.

## IV. <u>Conclusion</u>

I hereby ADOPT Magistrate Judge Figueredo's Report in full. Plaintiff's Objections are OVERRULED. Plaintiff's First Motion to Strike is GRANTED IN PART and DENIED IN PART in that the exhibits to Tsai's motion to dismiss may considered for the fact of their existence, to the extent available as matters of public record, but not for the arguments and factual allegations contained therein. Neither I nor Judge Figueredo have considered these exhibits for the purposes of the rulings in the Report, this Opinion, or any previous Opinion. Petretti's Second Motion to Strike is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 27, 28, 48, and 67.

SO ORDERED.

Dated: September 29, 2026
New York, New York

Vernon S. Broderick
United States District Judge